**JESSE DAVIS v. STATE OF FLORIDA**

8 So. (2nd) 36
May 19, 1942
En Banc

Roach & Hoyl, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

ADAMS, J.:

We have before us for review a judgment of conviction of manslaughter.

One question presented is whether Section 224 of the Criminal Procedure Act is mandatory or directory

as requiring the polling of the jury before rendition of verdict. The section reads:

"When the jurors have agreed upon a verdict they shall be conducted into the court room by the officer having them in charge. Their names shall be called by the clerk and when all jurors respond to their names the judge shall ask them if an agreement has been reached on a verdict. If the foreman answers in the affirmative, the judge shall call upon him to deliver the verdict in writing to the clerk. The Court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and unless disagreement is expressed by one or more of them or the jury be polled, the verdict shall be entered of record, and the jurors discharged from the cause."

The effect of the Criminal Procedure Act was to virtually codify the established practice of our courts. The party seeking reversal for its non-observance has the burden of showing harmful error.

In this case all the jurors came into court and while they were not polled there is no contention that any member of the jury was absent. The presiding judge inquired if they had reached a verdict. The verdict was delivered and published in open court in the presence of the jury.

Section 309 provides:

"When Judgment Not To Be Reversed Or Modified. No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appel-

lant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."

We hold that Section 224 is directory. The contention of appellant is without merit.

The next question is the sufficiency of the evidence. It is urged by the State that the evidence is conflicting and the verdict of the jury should be upheld. It is true there are conflicts as to relevant facts. The real question is who was the aggressor in bringing on the difficulty? When the conflicts in the evidence are disregarded and the State's evidence is viewed in its most favorable light we are not satisfied to uphold a conviction on it. We therefore hold the evidence legally insufficient to sustain the judgment. The judgement is reversed.

BROWN, C. J., TERRELL, and BUFORD, JJ., concur.

WIHTFIELD, and CHAPMAN, JJ., dissenting.

THOMAS, J., not participating.