WHITE, Judge.
This cause is before us on petition for certiorari to review a circuit court order affirming judgments of the municipal court of the Town of Lake Park which found' petitioners guilty of violating certain penal.' ordinances of said municipality. The petitioners were fined $200.00 each.
Petitioner Sherman Moorhead was arrested for failing to stop his automobile at a stop sign within the municipal limits. He-was convicted of said offense, and on evidence hereafter noted he was also convicted' of conspiring with co-petitioners Don Lyons, and Arthur Gunson to damage the personal property of another, viz. two automobile-tires belonging to John C. Evans of Lake-Park. Don Lyons and Arthur Gunson were-found guilty of directly perpetrating this-offense by puncturing the tires with an ice pick. The circuit court affirmed the convictions and sentences; and notwithstanding petitioners’ insistence to the contrary,, there appears no reversible error.
*23 The record discloses competent and convincing evidence of the following situation. There was pending in the area a strike of union employees of Pratt-Whitney Aircraft Company. Several employees, including John C. Evans, had refused to honor the union’s call and continued to work. At least one such employee’s home had been vandalized by a paint-filled light bulb thrown against it. These circumstances were known to the Lake Park police.
John C. Evans, who owned a new g.uto-mobile, feared reprisal for continuing on the job. He requested the Lake Park police department to keep an eye on his home and automobile. At approximately 11:50 P.M. on July 4, 1961 Lt. Elmer G. Payne of the Lake Park police was driving on patrol duty and saw petitioner Sherman Moorhead drive from Ilex Avenue onto U. S. Highway 1 without stopping at the stop sign. The home of John C. Evans was on the southeast corner of this intersection. Officer Payne followed Moorhead around the block. Moorhead stopped and two men, the other petitioners herein, ran from between two houses close to the John C. Evans home and jumped into Moorhead’s automobile. At this point Officer Payne flashed his signal and officially halted the Moorhead automobile, whereupon he questioned the men after inspecting Moorhead’s driver’s license.
The petitioners acknowledged to Officer Payne that they were striking employees of Pratt-Whitney, but they did not explain their presence and conduct at that particular time and place. During the questioning Officer Payne observed a black light bulb "in plain sight” on the right front floor board of Moorhead’s automobile. He placed the petitioners under arrest — Moor-head for running a stop sign and Lyons and Gunson for suspected night prowling or "vagrancy” under the town ordinance. After arrival at the police station Moor-head’s automobile was searched and the officers discovered an additional black light bulb, a white light bulb, a box of sugar tablets, a can of spray paint, three winter gloves, a note book and, on final search, an ice pick jammed under the dash board.
Next morning, July 5, 1961, John C. Evans found that the two left tires on his automobile had been punctured by a sharp pointed instrument and that an eight inch X had been scratched on the front door of the vehicle. The left side of his automobile faced the street where Lyons and Gun-son had run and jumped into Moorhead’s automobile.
The petition before us protests that the prosecution did not furnish defense counsel with a requested copy of the “affidavit of offense” on the conspiracy charge against Sherman Moorhead, that the trial on that charge came as a surprise to said defendant and his counsel and that therefore the conviction was erroneous. The incomplete record does not substantiate this contention, although there was discussion of the question among the attorneys and the municipal judge after the latter had announced his conclusion from the evidence that the defendants were guilty of the stated charges.
Several additional charges were preferred against Sherman Moorhead, but these apparently were quashed as inapplicable in view of the evidence. This may have caused defense counsel to labor under a misapprehension. The record indicates, however, that Sherman Moorhead himself was given a copy of the affidavit of offense with reference to the conspiracy charge in question and that his counsel knew of it. Moreover, the record fails to show that the conspiracy charge was quashed. The record does affirmatively suggest that arraignment of the petitioners was waived and that defense counsel, in the following language on page 53 of the incomplete record, caused pleas of not guilty to be entered with respect to “ * * * violation of the stop street, that is case #3132 against Mr. Moorhead; and the violation of Section 74, which is damage to personal property, in connection with Mr. Moorhead, Mr. Gunson and Mr. Lyons, and enter a plea of not guilty, your Honor.” (Emphasis supplied)
*24 Following his discussion with counsel the municipal judge ruled that Sherman Moorhead had been sufficiently apprised of the nature and cause of the particular accusation against him, and on the record we can not say that the ruling was erroneous. It is not amiss to emphasize here that the risk of an inadequate record for full appellate review generally rests on the party asserting the error. Cf. Davis v. State, 1942, 150 Fla. 597, 8 So.2d 36; O’Steen v. State, 1927, 92 Fla. 1062, 1075-1076, 111 So. 725; Coggins v. State, Fla.App.1958, 101 So.2d 400, 403.
It is further urged on behalf of the petitioners that they were tried and convicted on demonstrative evidence obtained through illegal search and seizure, that they were tried after illegal arrests without warrant and that the convictions and sentences violated §§ 12 and 22 of the Declaration of Rights of the Florida Constitution, F.S.A. and Amendment XIV of the U. S. Constitution and Fla.Stat., §§ 901.07 and 901.15 F.S.A., all relating to the requirements of due process of law. The record refutes the contention that the petitioners were denied due process with respect to the arrests, search and seizure. On this aspect of the case the conclusion is that the articles taken from the automobile were admissible as products of a search reasonably incident to arrests which in turn were reasonable and lawful when viewed against the backdrop of the described circumstances known to the arresting officer and observed by him. See Nations v. State, Fla.App.1962, 145 So.2d 259.
 The petitioners’ other points, not cumulative to the foregoing, are that the affidavits of offense were not couched in the language of the pertinent penal ordinances and that there was not sufficient evidence to establish that Sherman Moorhead had run .a stop sign. In view of the incompleteness of the record we can not say that the charges did not conform substantially to the ordinances. It was not error to hold that the testimony of the arresting officer was sufficient to establish that Sherman Moorhead was guilty of the alleged stop sign violation.
Petition denied.
KANNER, Acting C. J., and ALLEN, J., concur.