LILES, Chief Judge.
This is the third motion filed by appellant pursuant to CrPR 1.850, 33 F.S.A. Appellant was informed against on four informations, three of which charged him with assault to commit murder in first degree and the fourth with larceny of an automobile. He was represented by a public defender and after entering a plea of guilty he was convicted and sentenced by the judge to serve a total of sixty years in the Florida state prison.
The motion which we are called upon to consider at this time was filed on September 9, 1968, and was denied by the trial judge without a hearing. Appellant in this motion urges that he entered his guilty plea involuntarily.
This is not the first time this court has been called upon to pass upon the validity of appellánt’s conviction. The record shows that he filed his first motion on July 27, 1965, and following denial by the trial judge this court affirmed on the grounds that the appeal was without merit. Then on February 23, 1966, appellant filed another Rule 1 motion which was also denied. Following that the appellant filed a petition for writ of habeas corpus in the Supreme Court which was also denied. Following this appellant filed a petition for writ of habeas corpus with the United States District Court for the Middle District of Florida, and this petition was denied. The same court denied a certificate of probable cause by order dated January 4, 1968, which denial was affirmed by the United States Court of Appeals for the Fifth Circuit. Thus it would appear that this appellant has been afforded a hearing in almost all the courts of this land, and, if appellant has his way, he will spend the sixty years harassing the various courts of this state and of this country.
Our concern here is how many more frivolous petitions this appellant will be allowed to file. It appears that we have no effective way to prevent them from being filed.' The state will apparently be called *11 upon to bear the extensive costs of continuous litigation concerning this man’s guilt regardless of previous judicial determinations that he has been afforded every safeguard due process provides.
In this third motion there is nothing alleged which would indicate that petitioner’s plea of guilty was not made voluntarily. He was represented by counsel at the time the guilty plea was entered, and from the record it is apparent that he knew the consequences of a guilty plea, that nothing was promised to him, and that he was entitled to what he received.
For these reasons we affirm.
HOBSON and McNULTY, JJ., concur.