303 So.2d 417 (1974)
Foy B. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-173.
District Court of Appeal of Florida, Second District.
November 13, 1974.
*418 James A. Gardner, Public Defender, Sarasota, and Richard W. Seymour, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.

ON PETITION FOR REHEARING
MANN, Judge (Ret.).
The appellant was charged with breaking and entering with intent to commit a misdemeanor. He entered a non-negotiated plea of guilty. The record is clear that the guilty plea was voluntarily and understandingly submitted. Upon the completion of a presentence investigation, appellant was sentenced to four years imprisonment with credit for time already served.
The sole point on appeal is that the record fails to disclose that there was a factual basis for the acceptance of a guilty plea as required by Rule 3.170(j), CrPR.[1] Appellant does not claim that his plea was involuntary or entered without a full understanding of the facts but relies upon the mandatory language of the rule and the cases which have construed similar rules in other jurisdictions.[2]
While the rule should have been followed, the failure to do so does not require reversal in every instance. In Richardson v. State, Fla. 1971, 246 So.2d 771, the Supreme Court said:
"... [T]he violation of a rule of procedure prescribed by this Court does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant."
There is no contention that appellant was prejudiced by the judge's failure to inquire into the existence of a factual basis for his guilty plea. Absent prejudice, the error is harmless. If in fact the plea was not understandingly entered, Florida CrPR 3.850 affords an adequate remedy.
We recognize that this decision directly conflicts with Lyles v. State, Fla.App.1st 1974, 299 So.2d 146, in which the First District overruled without citing its previous decision in Estes v. State, Fla.App. 1st 1974, 294 So.2d 122. The Estes decision was grounded in part upon the fact that the plea had been negotiated, but in Lyles the court concluded that the failure to follow the rule mandates the reversal of even a negotiated plea, irrespective of prejudice.
*419 In view of the conflict and because our decision passes upon a question of great public interest,[3] we certify to the Supreme Court the following question:
Is it reversible error for the trial court to have accepted a plea of guilty without first ascertaining that there is a factual basis for the plea of guilty where the defendant does not contend that there was no factual basis for the guilty plea or that he was mistaken in the belief that his conduct amounted to an admission of the crime charged and to which he pleaded guilty?
The prior opinion in this case filed on July 19, 1974, is hereby withdrawn. The judgment is affirmed.
HOBSON, A.C.J., concurs.
BOARDMAN, J., dissents with opinion.
BOARDMAN, Judge (dissenting).
My point of departure from the majority opinion is the assessment of the error herein as harmless. Our supreme court has consistently held that the applicability of the doctrine of harmless error is dependent upon the rule of procedure involved. Davis v. State, 150 Fla. 597, 8 So.2d 36 (1942); Spradley v. State, Fla. 1974, 293 So.2d 697. In Davis, supra, the court specifically found the rule in question to be merely directory and applied the harmless error principle. By contrast, in the case sub judice, I am of the view that the language of the rule[1] is mandatory.
The majority opinion sets forth a quote from Richardson v. State, Fla. 1971, 246 So.2d 771, which, in essence, says that to warrant reversal, prejudice or harm must be disclosed by the record. Richardson deals with Rule 1.220(g), CrPR. In that opinion, the court further states:
... we deem it essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record... . (246 So.2d 771, 775).
The majority correctly states that prejudice to the appellant, Hall does not appear in the record. However, it is equally apparent that non-prejudice also does not appear.
Rule 3.170(j), CrPR, was revised to include the requirement of determination of a factual basis for a plea of guilty. This revision was modeled after Rule 11 of the Federal Rules of Criminal Procedure. The purpose of the provision in the federal rule was explained in 1 Wright, Federal Practice and Procedure, § 174 (1969) to be:
... A person may well know what he has done but not be sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged. The amendment is intended to protect against this... .
To me it follows that a person charged with a crime who didn't know enough to protest at the trial level that his actual conduct didn't equal the crime charged, could not be reasonably expected to know enough to make this claim at the appellate level.
While I disagree with the majority on the question of "harmless error," I do agree that the question is one of great public interest and join in its certification.
NOTES
[1] Rule 3.170(j), CrPR, provides:

... No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, ... that there is a factual basis for the plea of guilty.
[2] E.g., McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Cooks v. United States, 5th Cir.1972, 461 F.2d 530.
[3] Fla. Const. Art. V, § 3(b)(3).
[1] Rule 3.170(j), CrPR.