HOBSON, Acting Chief Judge.
Appellant was charged with two counts of breaking and entering with intent to commit a felony, to wit: grand larceny. As a result of negotiations he pled guilty to both counts and received the agreed upon sentence of 18 months on each count, the sentences to run concurrently.
Appellant raises on appeal the question of whether or not the court erred in accepting his guilty pleas without adequately complying with the requirements of Rule 3.170(j) CrPR. When the court accepted the guilty pleas the appellant’s counsel stated that appellant had broken and entered the two houses but did not take anything. Appellant contends that a factual basis for the plea was not established because he pled to breaking and entering with intent to commit a felony; whereas, the statement of his counsel is to the effect that he could only have been guilty of breaking and entering with intent to commit a misdemeanor.
The record clearly establishes that the appellant’s pleas were voluntarily made with a full understanding of their significance. However, under the circumstances the factual basis established in the record does not support a finding of guilty of the crime to which he pled. Under the Due Process Clause of the Constitutions of the U. S. and State of Florida, each and every person is guaranteed a fair and impartial trial.
In Hall v. State, Fla.App.2d 1974, 303 So.2d 417 (opinion filed November 13, 1974) the record disclosed no facts upon which the trial court could determine the basis for the plea of guilty and no prejudice to Hall was alleged.
In view of the foregoing, we reverse and remand this cause to the trial court for an inquiry into the existence of a factual basis for the plea of guilty to the offense of breaking and entering with intent to commit a felony.
Reversed and remanded.
BOARDMAN and GRIMES, JJ., concur.