316 So.2d 303 (1974)
John Henry WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74-427 and 74-450 to 74-456.
District Court of Appeal of Florida, Second District.
December 18, 1974.
James A. Gardner, Public Defender, Sarasota, Harold H. Moore, Asst. Public Defender and Steven H. Denman, Legal Intern, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The appellant was arrested for various narcotics violations. He was tried on one of the charges and found guilty. Thereafter, pursuant to a plea bargain, appellant pled guilty to all of the remaining charges except one which the State agreed to nolpros. Appellant's pleas were made upon the understanding that he would receive a five year sentence upon the charge for which he was found guilty and another five year sentence on one of the other charges so that he would receive a total of ten years imprisonment. He was to be given five years probation upon the other *304 charges to run concurrently when he had completed serving the sentences.
Apparently through inadvertence, a judgment of guilt and sentence of probation were ultimately entered upon the charge which was to have been nolprossed. Therefore, this judgment and sentence (Case No. 74-456) are hereby vacated. Likewise, in addition to receiving two consecutive five year sentences, appellant also received a concurrent five year sentence on another charge rather than probation. The sentence in that case is hereby vacated with directions to enter an order of probation in accordance with the bargain (Case No. 74-450). The remaining aspects of the bargain were fully performed.
All of the other points on appeal are without merit except for the argument about the factual basis for the pleas. The record does not reflect that the court ascertained a factual basis for the negotiated guilty pleas in accordance with Rule 3.170(j), CrPR. Since appellant has alleged no prejudice for the failure to follow the rule, we affirm upon the authority of Hall v. State, Fla.App.2d 1974, 303 So.2d 417 (Opinion filed November 13, 1974). However, we will certify all of the cases involving the guilty pleas to the Supreme Court posing the same question as was certified in Hall, supra.
HOBSON, Acting C.J., concurs.
BOARDMAN, J., concurs in part and dissents in part with opinion.
BOARDMAN, Judge (concurring and dissenting in part).
Consistent with my position taken in Hall v. State, Fla.App.2d, 1974, 303 So.2d 417, I concur only with the majority view to certify the question to the Supreme Court of Florida.