PER CURIAM.
Defendant-appellant seeks review of a sentence of one year in the county jail (6 months thereof being suspended) entered pursuant to a plea of guilty to the charge of buying, receiving or concealing stolen property [§ 811.16, Fla.Stat.].
Appellant first urges as error the trial judge’s denial of her motion to withdraw her plea of guilty..
Hereunder, defense counsel alleges that a plea negotiation was made at a side-bar conference and that the trial judge agreed to place the defendant on probation if a pre-sentence investigation demonstrated that defendant had no prior criminal record. As a result thereof, the defendant changed her plea of not guilty to guilty of the charge.
A careful scrutiny of the transcript of proceedings in the instant case reflects with unmistakable clarity that the trial judge merely was predisposed to place defendant on probation if she would cooperate with the prosecution and the police in helping solve a burglary which ultimately resulted in the charge against the defendant. It is equally clear that the trial judge did not make any definite promises to the appellant and took great pains to ascertain that her guilty plea was entered knowingly and voluntarily and without any promises or inducements therefor. Furthermore, the record leaves no doubt that appellant was given ample opportunity to cooperate with the authorities and having failed repeatedly to do so, left the judge little choice but to impose the jail sentence cited here-inabove. Hence, we have concluded that the appellant has failed to demonstrate an abuse of discretion on the part of the trial judge in denying her motion. See Mason v. State, Fla.App.1969, 221 So.2d 10 and Cf. Costello v. State, Fla.1972, 260 So.2d 198.
After an examination of appellant’s second point on appeal, we have determined that no reversible error has been made to appear therein. See Hall v. State, Fla.App.1974, 303 So.2d 417; Mower v. State, Fla.App.1975, 308 So.2d 586.
Accordingly, the judgment and sentence presented for our review are affirmed.
Affirmed.