436 So.2d 908 (1983)
Sam WILSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 61365.
Supreme Court of Florida.
July 21, 1983.
Rehearing Denied September 26, 1983.
*909 R.E. Conner, Plantation, for appellant.
Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a conviction of two counts of first-degree murder and sentences of death following a jury recommendation of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
Appellant, Sam Wilson, Jr., twenty-eight, was visiting in his father's, Sam Wilson, Sr.'s, home. Appellant apparently became enraged when his stepmother, Earline Wilson, told him not to take food from the refrigerator. Appellant grabbed a hammer and attacked the stepmother. Her cries for help brought the father from the next room and he too was beaten with the hammer. During the struggle between the two men, a five-year old cousin, Jerome Hueghley, was stabbed in the chest with a pair of scissors by the appellant. Appellant then procured a gun and shot his father in the head. He next pursued Earline Wilson, who was now hiding in a closet, and emptied the pistol at her through the locked door, inflicting multiple wounds. Appellant hastened to a friend's house where he showered and changed clothes. He then went to his brother's home and he and his brother returned to the father's house. Sam Wilson, Sr. and Jerome Hueghley were dead from their wounds. After the police arrived, Earline Wilson came out of hiding and after being asked "Who did this," pointed at appellant and said "Sam, Jr." Appellant eventually told the police three versions of the event, finally admitting the homicides but contending that they were accidental. Appellant was charged with two counts of first-degree murder and one count of attempted first-degree murder. Before trial, however, Earline Wilson unexpectedly died of cancer and pneumonia. *910 After a jury trial, appellant was convicted of all three counts and sentenced to death for the two murder convictions and thirty years for the attempted murder. After a timely motion for a new trial was denied by the trial court, appellant appealed to this Court. We affirm appellant's convictions for first-degree murder and his sentences of death.
Appellant raises five points on this appeal. The appellee proposed an additional point relating to the propriety of the death sentence; by means of a supplemental brief appellant has responded to this point also. For the following reasons, we hold each of the six issues to be without merit.
Appellant first argues that his fifth amendment rights were infringed by certain statements made by the prosecutor in final argument concerning the defendant's failure to testify. Appellant, however, made only a single objection to one of the comments. That comment, in addition, was clearly a personal reference to defense counsel himself and not to appellant. In any event, the objection was sustained, and appellant asked for no additional curative instructions or for a mistrial. Appellant can thus be held to have been satisfied by the trial court's ruling and cannot now complain. State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Clark v. State, 363 So.2d 331 (Fla. 1978). As for the remaining comments now felt to be objectionable, appellant never objected to any of them. He is thus precluded from asserting this argument on appeal. Maggard v. State, 399 So.2d 973 (Fla.), cert. denied, 454 U.S. 1059, 102 S.Ct. 610, 70 L.Ed.2d 598 (1981); Songer v. State, 322 So.2d 481 (Fla. 1975), sentence vacated, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977); State v. Jones, 204 So.2d 515 (Fla. 1967). In any event, the comments when read in context were merely comments upon the uncontradicted nature of the evidence and do not constitute prejudicial error. White v. State, 377 So.2d 1149 (Fla. 1979), cert. denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980).
Appellant next argues that the trial court abused its discretion by admitting nine autopsy photographs into evidence that were allegedly irrelevant, unnecessary and inflammatory. He takes the position that the photos had the potential for unduly influencing the jury when the identities of the victims had previously been established by other photographs. We disagree. The admission of photographic evidence is within the trial court's discretion and that court's ruling will not be disturbed on appeal unless there is a showing of clear abuse. Courtney v. State, 358 So.2d 1107 (Fla. 3d DCA), cert. denied, 365 So.2d 710 (Fla. 1978); Phillips v. State, 351 So.2d 738 (Fla. 3d DCA 1977), cert. denied, 361 So.2d 834 (Fla. 1978); Allen v. State, 340 So.2d 536 (Fla. 3d DCA 1976); Reed v. State, 224 So.2d 364 (Fla. 4th DCA 1969). No such abuse has been demonstrated in the instant case. This Court has held on numerous occasions that photographs will be admissible into evidence "if relevant to any issue required to be proven in a case." State v. Wright, 265 So.2d 361, 362 (Fla. 1972). See also Adams v. State, 412 So.2d 850 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982); Welty v. State, 402 So.2d 1159 (Fla. 1981); Straight v. State, 397 So.2d 903 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981); Foster v. State, 369 So.2d 928 (Fla.), cert. denied, 444 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979). In the case sub judice, the pictures were relevant to depict not only identity but the nature and extent of the victims' injuries, the manner of death, the nature of the force and violence used, and also were relevant to the issue of premeditation. We hold that the photographs were properly admitted.
Appellant's third issue is that the trial court erred in failing to grant a requested mistrial after an alleged improper question by the prosecutor as to why appellant was arrested. The record reflects that appellant was arrested for theft and dealing in stolen property in addition to the charges for which he was tried in the instant case. The prosecutor asked, at one point, what charges appellant was arrested for "in connection with this case." Appellant *911 objected and moved for a mistrial, which was denied after the court advised the prosecutor to be careful. Ruling on a motion for a mistrial is within the sound discretion of the trial court. Salvatore v. State, 366 So.2d 745 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). A motion for mistrial should only be granted in cases of absolute legal necessity. Salvatore v. State; Flowers v. State, 351 So.2d 764 (Fla. 3d DCA 1977). There was no such necessity in the instant case. The record does not disclose that the prosecutor intentionally tried to create an impression in front of the jury of appellant's arrest for other crimes; in fact, the record bespeaks that the prosecutor tried his best to make sure that this information was not revealed to the jury. We thus can find no error in the trial court's denial of the mistrial motion.
Appellant's fourth issue, and the last one relating to the guilt phase of the trial, is that the trial court erred in allowing the jury to consider the voluntariness of appellant's confessions. We again disagree. The record adequately reflects that the trial court held a pretrial evidentiary hearing on appellant's motion to suppress and specifically determined the voluntariness of appellant's oral statements made at the homicide scene. Appellant did not object at the suppression hearing to the taped confessions of appellant taken at the police station. The record clearly establishes that the trial court responsibly carried out its duty to determine the voluntariness of the confessions before they were admitted into evidence. Peterson v. State, 382 So.2d 701 (Fla. 1980). In addition, the instructions given to the jury concerned the weight that should be given to the confessions and not their voluntariness. Trial counsel made no objection when the court gave the standard jury instruction in this regard. We see no merit to this issue.
We find, thus, that the issues raised by appellant relating to the finding of guilt for two counts of first-degree murder are without merit. Having carefully studied the record, we see no other errors in these two convictions and thus affirm. In addition, we are satisfied that the conviction and the resultant sentence of thirty years for the charge of attempted murder of Earline Wilson were proper and also affirm that conviction.
Appellant discusses two issues that relate to the sentencing portion of the trial. In the first, he argues that the trial court erred in failing to poll the jury as to whether the advisory verdicts rendered were their verdicts. The trial court asked the foreman if the advisory sentences were concurred in by a majority of their number. The foreman replied that they were and the sentences were published. Thereupon, the appellant requested that the jury be polled but the trial court denied the request, stating that a majority sentence had been reached and that was all that was required. While we believe that the trial court should have honored the defendant's request and polled the jury, Florida Rule of Criminal Procedure 3.450, the error has not been shown by appellant to be harmful. A party seeking reversal because a jury wasn't properly polled concerning its advisory sentence has the burden of showing harmful error. Davis v. State, 150 Fla. 597, 8 So.2d 36 (1942). As in Davis, there is no contention here that any member of the jury was absent; also there is no contention that the published advisory sentences were not the sentences concurred in by a majority of the jury. The advisory sentences were pronounced in open court on each of the two murder counts and there was no indication of disagreement by any of the twelve jurors present that the published advisory sentences were not the majority sentences of the jury. Certainly, in a situation of such gravity and import as the reading of a jury's recommendation of death, at least one juror (of the six who would be required to have voted for life if the published advisory sentences were indeed in error) would have protested to the trial court that the sentences were incorrect if in fact they had been incorrect. The record discloses no comment by any juror during or after the publishing of each of the two advisory sentences. *912 We hold, therefore, that appellant has failed to show harmful error.
Appellant's last sentencing issue relates to the trial court's findings of aggravating circumstances. In its written findings, the trial court found three aggravating circumstances: (1) that the capital felony was committed in a cold, calculated and premeditated manner; (2) that the crime was especially heinous, atrocious and cruel; and (3) that at the time of the crime, the defendant had been previously convicted of a felony involving the use of violence to some person. These three circumstances were held to apply to each of the two murders. The trial court also found nothing in mitigation.
Appellant first claims that the murders were not cold, calculated and premeditated. Appellee agrees on this point and we likewise concur. See Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982).
Appellant then argues that the two murders were not heinous, atrocious and cruel. We partially agree and partially disagree. As to the youth Jerome Hueghley, clearly the single stab wound to the chest was not such as to make the manner of death unnecessarily torturous or conscienceless and set apart from the norm of capital felonies. But as to the murder of appellant's father, the finding was proper. The record graphically demonstrates that although Sam Wilson, Sr. died from a single gunshot wound to the head, he had numerous abrasions on his body, including the head region, which were consistent with hammer blows. We hold that the trial judge could properly believe that this victim had been beaten with a hammer before his death by gunshot and thus the murder was especially heinous, atrocious and cruel.
Appellant concedes that the final aggravating factor of a previous conviction of a violent felony was properly found by the trial court. We similarly agree.
Finally, appellant argues that the trial court should have found at least one mitigating factor, that the victim Sam Wilson, Sr. participated in the incident by having the gun brought into the room and by taking part in the fight with appellant. It is within the province of the trial court to decide whether a particular mitigating factor has been proved. Daugherty v. State, 419 So.2d 1067 (Fla. 1982); Riley v. State, 413 So.2d 1173 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 317, 74 L.Ed.2d 294 (1982). We cannot say it was error for the trial court not to have found this factor, especially in light of the fact that the elder Wilson in no way instigated the criminal episode and apparently was murdered as he tried to defend his wife from appellant's attack.
Since for both victims there was at least one aggravating factor and there were no mitigating factors at all, the sentence of death is proper for each crime. Booker v. State, 397 So.2d 910 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981); Clark v. State, 379 So.2d 97 (Fla. 1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981); Ford v. State, 374 So.2d 496 (Fla. 1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980). We therefore uphold appellant's sentences of death for the murders of Jerome Hueghley and Sam Wilson, Sr.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD and EHRLICH, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
McDONALD, J., dissents with an opinion.
OVERTON, Justice, concurring in part, dissenting in part.
I concur in the affirmance of appellant's conviction for first-degree murder of his father. Premeditation was not established in the death of appellant's five-year-old cousin, however, and I would find appellant guilty of second-degree murder for that offense. Death may eventually be appropriate for this appellant but I cannot accept the majority's view that the trial court's erroneous instruction, coupled with the court's refusal to poll the jury in the sentencing *913 proceeding, was harmless error in this cause. I would remand for a new sentencing hearing.
McDONALD, Justice, dissenting.
I dissent. The evidence submitted to the jury was inadequate to prove premeditation and, thus, the verdict of first-degree murder should not stand. There is, however, adequate proof to support a verdict of second-degree murder. The defendant shot his father and stabbed his cousin during the course of a domestic quarrel between the defendant and Earline Wilson. It was not planned and, while there is evidence to support a conclusion that the defendant intended to perform the acts he did, the circumstances cannot support a conclusion that he reflected upon them before commission, even for a moment.[*] I would reverse the judgment of guilty of first-degree murder, with instructions to enter a judgment of guilty of second-degree murder for the two homicides.
Should the convictions, or one of them, stand, I would still vacate the death sentence. The only valid aggravating circumstance is the prior record of attempted robbery. The defendant put in evidence that he was well thought of by his family and friends, was a good employee at Morrison's Cafeteria, and supported four children.
I deem it improper to uphold a sentence of death when this Court has found the evidence insufficient to support one or more of the aggravating factors found by the trial judge when any mitigating circumstance exists, statutory or nonstatutory. The cases relied upon in the majority opinion failed to disclose valid nonstatutory mitigating circumstances. At the very least the defendant should be entitled to a new sentencing proceeding, but I would simply remand with instructions to impose a life sentence on each count.
NOTES
[*] To show premeditation,

it must be proven that before the commission of the act which results in death that the accused had formed in his mind a distinct and definite purpose to take the life of another human being and deliberated or meditated upon such purpose for a sufficient length of time to be conscious of a well defined purpose and intention to kill another human being.
Snipes v. State, 154 Fla. 262, 270, 17 So.2d 93, 97 (1944) (Chapman, J., concurring).