493 So.2d 1019 (1986)
Sam WILSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 67721.
Supreme Court of Florida.
September 4, 1986.
*1020 Ronald A. Dion of Entin, Schwartz, Dion, Sclafani and Cullen, North Miami Beach, for petitioner.
Jim Smith, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
In 1981 a jury convicted Sam Wilson, Jr. of two counts of first-degree murder and recommended that he be sentenced to death on each count. The trial court imposed the death penalty and this Court affirmed both the convictions and sentences. Wilson v. State, 436 So.2d 908 *1021 (Fla. 1983). Wilson next appealed the trial court's denial of a motion to vacate the convictions and sentences pursuant to rule 3.850, Florida Rules of Criminal Procedure and filed a petition for habeas corpus relief alleging ineffective assistance of appellate counsel. We approved the trial court's denial of appellant's 3.850 motion; however, after considering the habeas petition, we concluded that Wilson's appellate counsel had been grossly ineffective and granted this new direct appeal. Wilson v. Wainwright, 474 So.2d 1162 (Fla. 1985). We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and reverse Wilson's conviction for the first-degree murder of Jerome Hueghley, but affirm his conviction for the first-degree murder of his father, Sam Wilson, Sr. However, we vacate the sentence of death attendant to the latter conviction.
The facts leading to the convictions are as follows. While visiting his father, Sam Wilson, Sr., the appellant, Sam Wilson, Jr., became enraged with his stepmother Earline Wilson because she told him to keep out of the refrigerator. Appellant grabbed a hammer and began striking her with it. When Wilson, Sr. came to Earline's aid, he too was beaten with the hammer. During the ensuing struggle between the appellant and his father, the appellant stabbed his five-year-old cousin, Jerome Hueghley in the chest with a pair of scissors. At Wilson, Sr.'s request Earline Wilson got a pistol. The appellant grabbed it and shot his father in the forehead. The appellant then continued his pursuit of Earline Wilson, going outside and crawling in the bedroom window. Once inside he emptied the pistol into the closet where she was hiding, inflicting multiple wounds. Appellant then hastened to a friend's home where he showered and changed clothes. After tossing the pistol into some bushes, he went to his brother's house. The police were then called and the two returned to the father's home. When the police arrived Wilson, Sr. and the child were dead from the wounds. Appellant told the police that an intruder had killed them. However, Earline Wilson came out of hiding and identified Wilson, Jr. as the one who "did it." Appellant was then taken into custody and eventually told the police two other versions of the event, contending in both, that although he committed the homicides, they were the accidental result of a heated family fight.
Appellant was charged with two counts of first-degree murder and one count of attempted first-degree murder. Before trial Earline Wilson unexpectedly died of cancer. Appellant was convicted by a jury on all three counts and was sentenced to death for the two murder convictions in accordance with the jury's recommendation and to thirty years for the attempted murder.
Wilson first argues that the trial court erred by failing to grant his motions for judgment of acquittal because the evidence adduced at trial was insufficient to prove a premeditated design to murder either Sam Wilson, Sr., or Jerome Hueghley. We find the record contains sufficient evidence from which the jury could have found the murder of Sam Wilson, Sr. was premeditated but agree with the appellant that the record contains insufficient evidence to support a finding of premeditation in connection with the murder of Jerome Hueghley.
Premeditation is the essential element which distinguishes first-degree murder from second-degree murder. Anderson v. State, 276 So.2d 17 (Fla. 1973). Premeditation is more than a mere intent to kill; it is a fully formed conscious purpose to kill. This purpose to kill may be formed a moment before the act but must exist for a sufficient length of time to permit reflection as to the nature of the act to be committed and the probable result of that act. Sireci v. State, 399 So.2d 964, 967 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). Whether or not the evidence shows a premeditated design to commit a murder is a question of fact for the jury which may be established by circumstantial evidence. Preston v. State, 444 So.2d 939, 944 (Fla. 1984).
We first address appellant's argument that there was insufficient evidence *1022 to support a conviction for the first-degree premeditated murder of Wilson, Sr. because the state's evidence is as consistent with his story of a spontaneous, heated, domestic quarrel ending in two accidental deaths as it is with the state's theory of premeditated murder. On this point, he further argues that the evidence fails to exclude a "heat of passion" killing and therefore would support, at most, a conviction of second-degree murder. See Forehand v. State, 126 Fla. 464, 171 So. 241 (1936). The appellant correctly points out that in order to prove a fact by circumstantial evidence, the evidence must be inconsistent with any reasonable hypothesis of innocence. Ross v. State, 474 So.2d 1170, 1173 (Fla. 1985); McArthur v. State, 351 So.2d 972 (Fla. 1977). Where, as here, premeditation is sought to be established by circumstantial evidence, the evidence relied upon by the state must be inconsistent with every other reasonable inference. See Preston v. State, 444 So.2d at 944; Tien Wang v. State, 426 So.2d 1004, 1006 (Fla. 3d DCA), review denied, 434 So.2d 889 (Fla. 1983).
Considering the totality of the circumstances surrounding the murder of Sam Wilson, Sr., we find there was sufficient evidence from which the jury could have inferred premeditation to the exclusion of all other possible inferences, including accident or heat of passion. Most notably, the appellant's story of an accidental shooting during mutual combat is countered by evidence concerning the nature of the father's wounds and the manner in which these wounds were inflicted. Wilson, Sr. was found in a seated position on the floor with his head in a chair. He had been shot in the forehead with the bullet entering in a "backward," "downward" direction. The lack of powder burns around the gunshot wound evidenced that he had been shot from a distance of at least three feet. This evidence alone is sufficiently inconsistent with the defendant's accident scenario to have led the jury to discount it as a reasonable possibility. The appellant's account of the incident is further discredited by evidence establishing that Wilson, Sr. was brutally beaten with a hammer before he was killed, while the appellant emerged unscathed.
The evidence is also sufficiently inconsistent with an extreme rage, heat of passion scenario for the jury to have reasonably excluded that hypothesis. Wilson, Sr.'s murder climaxed a protracted violent episode which began with the appellant's unjustified attack on Earline Wilson, continued with an equally unjustified attack against Wilson, Sr. and ended with his determined, unsuccessful effort to kill Earline with the hand gun. The evidence supports a conclusion that the murder of Wilson, Sr. was not the result of a spontaneous, blind and unreasoning reaction by the defendant to his father's intervention. See Forehand, 126 Fla. 464 (first-degree murder conviction reduced to second-degree where evidence supported conclusion that the defendant acted upon a "blind and unreasoning passion" in response to being hit with a blackjack by the victim, killing both the victim and the defendant's own brother, towards whom the defendant felt no ill will). There was substantial evidence of an attack on Wilson, Sr. which continued throughout the house, moving back and forth between bedroom and hall, finally ending with the fatal shooting in the living room. There was more than adequate time for any cloud on the appellant's mental faculties to have lifted and for him to have realized the probable consequences of his actions. Therefore, we conclude that the record contains sufficient evidence from which the jury reasonably could have excluded any reasonable hypothesis except that the murder of Sam Wilson, Sr. was premeditated and find that the trial court properly denied appellant's motion for judgment of acquittal on that count.
We next address the appellant's argument that the evidence adduced at trial is insufficient to support his conviction for the first-degree murder of Jerome Hueghley. After a careful review, we find the record lacking in sufficient evidence to support that conviction. In his statements to the police, appellant contended that Jerome *1023 Hueghley was killed accidentally during the struggle between the appellant and his father over a pair of scissors. The state presented no evidence that the homicide occurred otherwise. The state bases this first-degree murder charge on the doctrine of transferred intent, arguing the appellant's premeditated design to kill his father was transferred to the accidental killing of his cousin. Under the doctrine of transferred intent, as accepted by this Court: "One who kills a person through mistaken identity or accident, with a premeditated design to kill another, is guilty of murder in the first-degree... . The law transfers the felonious intent in such a case to the actual object of his assault... ." Lee v. State, 141 So.2d 257, 259 (Fla. 1962).
Although we have concluded that there was sufficient evidence to support appellant's conviction for the first-degree murder of his father, it is not equally apparent from the record that the jury could have concluded beyond a reasonable doubt that the premeditated design to kill Wilson, Sr. existed at the moment Jerome Hueghley was accidentally stabbed. This is especially true because circumstantial evidence arising from the shooting itself was crucial to our conclusion that there was sufficient evidence to support the first conviction. Therefore, we reverse the conviction for first-degree murder of Jerome Hueghley, but find sufficient evidence in the record to support a conviction of murder in the second degree.
In addition, we find ample record support for Wilson's conviction for the attempted murder of Earline Wilson and are satisfied that both that conviction and resultant thirty-year sentence are proper; and therefore, affirm that conviction and sentence.
The appellant next argues that the trial court erred in finding the murder of Wilson, Sr. especially heinous, atrocious and cruel. The trial court found three aggravating circumstances: 1) the crime was especially heinous, atrocious and cruel;[1] 2) at the time of the crime, the defendant had been previously convicted of a felony involving the use of violence to some person;[2] and 3) the capital felony was committed in a cold, calculated and premeditated manner.[3] The trial court found that the three factors applied to both murders and found nothing in mitigation. In the appellant's first appeal, we found that the murder of Wilson, Sr. was not cold, calculated and premeditated. Wilson, 436 So.2d at 912. Appellant concedes that the factor of conviction of a prior violent felony was properly found. However, he again argues that the murder of Wilson, Sr. was not especially heinous, atrocious and cruel. After reviewing the record, we again conclude this finding was proper. The record contains sufficient evidence from which the trial court could have concluded that Wilson, Sr. was brutally beaten while attempting to fend off the blows before he was fatally shot and thus, supports the finding that the murder was especially heinous, atrocious and cruel. See Heiney v. State, 447 So.2d 210, 215-16 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984).
We find it significant that the record also reflects that the murder of Sam Wilson, Sr. was the result of a heated, domestic confrontation and that the killing, although premeditated, was most likely upon reflection of a short duration. See Ross v. State, 474 So.2d at 1174. Therefore, although we sustain the conviction for the first-degree, premeditated murder of Sam Wilson, Sr. and recognize that the trial court properly found two aggravating circumstances while finding no mitigating circumstances, we conclude that the death sentence is not proportionately warranted in this case. See Ross, 474 So.2d 1170; Blair v. State, 406 So.2d 1103 (Fla. 1981).
Accordingly, the conviction and sentence for the attempted murder of Earline Wilson *1024 are affirmed. The conviction for the first-degree murder of Jerome Hueghley is reversed with directions to reduce the conviction to murder in the second degree and to resentence on that conviction. The conviction for the first-degree murder of Sam Wilson, Sr. is affirmed but the death sentence is vacated with directions to impose a life sentence without eligibility for parole for twenty-five years. The case is remanded accordingly.
It is so ordered.
ADKINS, BOYD, OVERTON and SHAW, JJ., concur.
McDONALD, C.J., concurs in part and dissents in part with an opinion, in which
BARKETT, J., concurs.
EHRLICH, J., concurs in part and dissents in part with an opinion.
McDONALD, Chief Justice, concurring in part and dissenting in part.
I find the evidence insufficient to support a conviction of premeditated murder in either homicide and hence would direct an entry of a judgment of second degree murder in both homicides.
I would have to say that if the conviction of first degree murder was proper, then it would have been proper to impose the death penalty. I repeat, however, that I feel the evidence of premeditation inadequate to convict for first degree murder.
BARKETT, J., concurs.
EHRLICH, Justice, concurring in part and dissenting in part.
I concur in the reversal of appellant's conviction for first-degree murder of his cousin and reduction of that conviction to murder in the second degree. I also concur in the affirmance of appellant's conviction for first-degree murder of his father; however, I would find the death sentence appropriate in this case.
I find this case distinguishable from Blair v. State and Ross v. State which were relied upon by the majority. In Blair v. State, 406 So.2d 1103 (Fla. 1981), this Court found the death sentence was disproportionate and remanded for imposition of a life sentence. In Blair, several aggravating factors had been improperly found and there was a significant mitigating factor  the defendant had no prior history of criminal activity, an important factor that Wilson could not claim.
In Ross this Court also found the death sentence disproportionate after concluding that the record evidenced significant mitigating circumstances which the trial court failed to consider. In Ross, the evidence established that the appellant killed his wife during "an angry domestic dispute." There was evidence that Ross was an alcoholic and that he had been drinking at the time of the killing. It was also evidenced that Ross was having difficulty controlling his emotions prior to the killing. Ross, 474 So.2d at 1174. This Court found that the trial court erred in not considering those circumstances "collectively as a significant mitigating factor." Id. Pointing out that Ross had no prior history of violence, the court then concluded that the death penalty was not proportionately warranted under the circumstances. Id.
In the instant case, there are no comparable "mitigating circumstances", and of perhaps greater significance the record reflects that Wilson had a history of violent criminal behavior. Although the murder of Sam Wilson, Sr. did arise in a domestic setting, this was not an ordinary domestic dispute. The appellant, without provocation, attacked his stepmother, Earline Wilson with a hammer. Sam Wilson, Sr. was brutally beaten with the hammer and fatally shot because he attempted to defend Earline from this criminal attack. Wilson, Sr. did not intervene in a mere domestic argument, he intervened in a brutal, criminal attack upon Earline Wilson by the appellant and appellant's criminal intent was evidenced by his concerted efforts to kill his stepmother after having killed his father and cousin.
I find this case more like King v. State, 436 So.2d 50 (Fla. 1983), cert. denied, 466 U.S. 909, *1025 104 S.Ct. 1690, 80 L.Ed.2d 163 (1984), in which this Court upheld King's death sentence for the first-degree murder of his live-in girlfriend. In King the trial court found three aggravating circumstances: 1) prior conviction of violent felony; 2) the murder was especially heinous, atrocious and cruel; 3) the murder was committed in a cold, calculated and premeditated manner. No mitigating factors were found. On review, this Court found the third factor of cold, calculated and premeditated inappropriate but considering King's prior history of violent crimes, affirmed the sentence of death.
This case is also closely akin to Lemon v. State, 456 So.2d 885 (Fla. 1984), cert. denied, 469 U.S. 1230, 105 S.Ct. 1233, 84 L.Ed.2d 370 (1985) wherein the Court upheld the death sentence for the premeditated murder of defendant's girlfriend. There were two aggravating factors, a prior violent felony, and heinous, atrocious and cruel, the same two that are present in this case, but there was one mitigating factor, the felony was committed under the influence of extreme mental or emotional disturbance. Death was the proper penalty, according to this Court.
The mere fact that there was a familial relationship between the appellant and his victims is an insufficient basis on which to conclude the death penalty is unwarranted. Therefore, because the record reveals no other mitigating factors and clearly reflects the appellant's prior history of violent criminal behavior, I would affirm the appellant's death sentence for the first-degree premeditated murder of his father, and be consistent with our earlier cases.
NOTES
[1] § 921.141(5)(h), Fla. Stat. (1981)
[2] § 921.141(5)(b), Fla. Stat. (1981).
[3] § 921.141(5)(i), Fla. Stat. (1981).