WENTWORTH, Judge.
Appellant seeks review of his conviction for resisting arrest with violence, claiming his right to a fair trial was prejudiced by the trial court’s refusal to exclude photographic evidence of another crime. We affirm.
Appellant was charged with one count-of obstructing an officer in the execution of a legal duty, to wit: investigation of the defendant on charges of child abuse, in violation of section 843.02, Florida Statutes, and one count of resisting arrest with violence, in violation of section 843.01, Florida Statutes.
The charges stemmed from a December 10, 1984 incident, in which appellant, his wife and two children appeared at the Es-cambia County Sheriff’s Office for purpose of an investigation into allegations that appellant had abused his stepdaughter. During an interview with appellant’s wife and stepdaughter, a police officer took photographs of the stepdaughter that showed she was bruised. Appellant was called into the interview room and advised of his rights and options with regard to the child abuse charge. Testimony at trial established that appellant’s wife then grabbed the photographs, and that she and appellant attempted to leave the building before officers subdued them.
Prior to trial, appellant sought by motion in limine to exclude the photographs from evidence, and to prohibit the state from mentioning bruises or injuries to the child. The court reserved ruling on the motion until the state sought to introduce the photographs.
At trial a state witness testified as to appellant’s arrest for child abuse. The photographs were introduced into evidence in connection with the charges against appellant in count one, obstructing an investigation. Appellant objected to the state’s use of the photographs, arguing that the photographs were inflammatory and involved a separate crime. The judge in *531 structed the jury that it was not to consider a charge of child abuse, and should not view the photographs as bearing on such a charge.
Admission of photographic evidence is within the trial court’s discretion and will not be disturbed on appeal unless there is a showing of clear abuse. Wilson v. State, 436 So.2d 908 (Fla.1983). The test for admissibility of photographic evidence is whether such evidence is relevant to any issue required to be proved. Wilson, supra. Engle v. State, 438 So.2d 803 (Fla.1983). Photographs are relevant when they tend to prove or disprove a material fact either independently or by corroborating other evidence. Straight v. State, 397 So.2d 903 (Fla.1981), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1982).
Appellant cites Williams v. State, 117 So.2d 473 (Fla.1960), as support for his contention that the photographs, as evidence of another crime, improperly became a feature of the trial. We conclude the state properly used the photographs solely to prove an element of the offense of obstructing an investigation. The photographs were evidence in the child abuse investigation. The fact of the child abuse investigation already was properly in evidence in connection with the count for obstruction, and the jury was instructed that child abuse was not an issue in the case.
In this case the state presented evidence that appellant’s wife grabbed the photographs and that both she and appellant attempted to leave the building with them, and did not, as argued by appellant, use the photographs as a substitute for evidence that appellant took the photographs from the room so as to blur the distinction between child abuse and the two offenses with which he was charged. Cf. Denson v. State, 264 So.2d 442 (Fla. 1st DCA 1972). Section 90.404(2)(b)2, Florida Statutes, requires the judge to give a special instruction to prevent the jury’s misapplication of evidence relating to crimes not charged. The judge in this case provided such instruction.
The conviction is affirmed.
NIMMONS, J., and WILLIS, Associate Judge, concur.