## SREBNICK v STATE OF FLORIDA
### Case No. 88-265-AC
Eleventh Judicial Circuit, Dade County

March 8, 1989

### APPEARANCES OF COUNSEL

**Stephen Fischer,** for appellant.

**Robert Butterworth,** Attorney General and **Juan Greenberg,** Assistant Attorney General, for appellee.

Before KORNBLUM, MORENO, KAHN, JJ.

### OPINION OF THE COURT

PER CURIAM.

This is an appeal of a finding of guilty of noncriminal infraction of speeding. The appellant contends that the radar evidence was inadmis-

sible pursuant to F.S. § 316.1906(c), (d) and (e) which provide as requirements that the radar unit make a clear assignment of speed to a single vehicle, the radar be operated with audio Doppler engaged, and that the radar have no automatic speed locks and no audio alarms, unless disconnected or deactivated. The appellant argues that the learned trial judge erred in denying the motion for judgment of acquittal based on the testimony of the ticketing police officer.

The Court finds the radar evidence inadmissible due to the lack of testimony regarding clear assignment of speed to a single vehicle and disengagement of the auto speed lock. Nevertheless the Officer's testimony that he personally observed the vehicle driven by the defendant substantially (33%) in excess of the speed limit was sufficient for the court to enter its finding of guilty. *See Lyons v Town of Lake Park,* 153 So.2d 21 (2d DCA 1963).

Affirmed.

---

## AMENDED OPINION

We adhere to our decision as rendered in affirming a finding of guilty of a noncriminal infraction of speeding, but modify the opinion to clarify that *Lyons v Town of Lake Park,* 153 So.2d 21 (2d DCA 1963) was simply cited for the proposition that one officer's testimony may be sufficient for a finding of guilt of violating an infraction (be it a stop sign or speeding). We further rely upon *Hill v Sadler,* 186 So.2d 52 (2d DCA 1966) at 55, which held that:

> Whether evidence should be admitted tending to show the rate of speed of a vehicle at a time and place other than that at the instant of, or immediately prior to, the accident depends upon the facts in the particular case, and rests largely in the discretion of the trial Judge. The trial Judge, by his ruling, was not guilty of such an abuse of discretion as to require reversal.

Likewise in the instant case we find that the trial court did not abuse its discretion in admitting the officer's personal observation as to the speed. Only when the testimony as to speed is simply described as "fast" and not in miles per hour would such evidence be lacking in quality and probative force. *Blackman v Miami Transit Company,* 125 So.2d 128 (3d DCA 1960). The logical inference from that case is that testimony of speed in miles per hour by a qualified witness is admissible. *See State v Brown,* 28 Fla. Supp.2d 46 (Volusia County 1988).

WHEREFORE the Motion for Rehearing is DENIED and the speeding conviction is affirmed.