696 So.2d 1306 (1997)
Craig Shawn CUMMINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-660.
District Court of Appeal of Florida, Fifth District.
July 18, 1997.
*1307 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Craig Shawn Cummings was convicted of first-degree murder, shooting into an occupied vehicle, and possession of a firearm by a convicted felon. He appeals; we affirm.
Cummings first argues that the evidence was insufficient to establish premeditation. The supreme court dealt generally with this subject in Coolen v. State, 696 So.2d 738, 741 (Fla.1997), and held:
Premeditation is the essential element which distinguishes first-degree murder from second-degree murder. Wilson v. State, 493 So.2d 1019 (Fla.1986). Premeditation is defined as
more than a mere intent to kill; it is a fully formed conscious purpose to kill. This purpose to kill may be formed a moment before the act but must exist for a sufficient length of time to permit reflection as to the nature of the act to be committed and the probable result of that act.

Id. at 1021. While premeditation may be proven by circumstantial evidence, the evidence relied upon by the State must be inconsistent with every other reasonable inference.
In Coolen, evidence showing that there had been no argument between Coolen and the victim before Coolen "came out of nowhere" and stabbed the victim was held insufficient to establish the required premeditation. In our case, however, there were several eye witnesses that testified that the victim and Cummings were engaged in a heated argument before the victim walked out of Cummings' apartment and returned to the vehicle in which he had arrived. After the victim was seated in the vehicle, Cummings came out of his apartment, approached to within a few feet of the victim and shot him several times. We believe that the jury could properly determine that the time it took Cummings to follow the victim out of his apartment and to approach the vehicle was sufficient time to reflect on the nature of the act about to be committed and that Cummings understood the probable result of firing four or five bullets into the victim. We find the evidence of premeditation to be sufficient under Coolen.
Cummings' objection to the State's exercise of a jury challenge involving an African-American was not preserved for appeal. See Joiner v. State, 618 So.2d 174 (Fla.1993); Melbourne v. State, 679 So.2d 759 (Fla.1996).
We find no merit to Cummings' other issues on appeal either because no error was shown or any existing error was harmless.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.