BLUE, Acting Chief Judge.
Marie Elena Rivera appeals her conviction for first-degree murder. Because the State’s evidence was insufficient to estab *424 lish premeditation beyond a reasonable doubt, we reduce the conviction to second-degree murder and remand for resentenc-ing. We reject without comment the other issues presented in this appeal.
The victim in this case died as a result of a single gunshot wound to his head. The evidence against Rivera was entirely circumstantial. “In order to convict on circumstantial evidence, the State has the burden of presenting evidence that not only is consistent with guilt, but that is inconsistent with any reasonable hypothesis of innocence.” Norton v. State, 709 So.2d 87, 91 (Fla.1997) (citations omitted). After a thorough review of the evidence, we conclude that the State met its burden in proving that Rivera unlawfully killed the victina.
In cases such as this one, where there is no underlying statutorily enumerated felony, premeditation is the essential element that distinguishes first-degree murder from second-degree murder. See Green v. State, 715 So.2d 940, 943 (Fla.1998). Premeditation is defined as
more than a mere intent to kill; it is a fully formed conscious purpose to kill. This purpose to kill may be formed a moment before the act but must also exist for a sufficient length of time to permit reflection as to the nature of the act to be committed and the probable result of that act.
Wilson v. State, 493 So.2d 1019, 1021 (Fla.1986). Premeditation may be proven by circumstantial evidence. See Holton v. State, 573 So.2d 284, 289 (Fla.1990). Where the State fails to exclude a reasonable hypothesis that the homicide occurred other than by premeditation, a conviction for first-degree murder cannot be sustained. See Norton, 709 So.2d at 92.
The State relies upon the evidence that the victim was shot in the head while in bed to sustain its burden that the killing was premeditated. Although a reasonable theory, the State has failed to distinguish, nor can we, recent decisions from the Florida Supreme Court where the court concluded that evidence of the weapon used and the injury resulting in death were, without more, insufficient circumstantial evidence to establish premeditation. See Norton; Mungin v. State, 689 So.2d 1026 (Fla.1995).
In accordance with established case law, we conclude that the State failed to meet its burden in establishing premeditation. See Norton; Kirkland v. State, 684 So.2d 732 (Fla.1996); Mungin. Accordingly, we reverse Rivera’s conviction for first-degree murder. We remand this case to the trial court with instructions to enter a judgment for second-degree murder and to resen-tence Rivera accordingly.
Reversed and remanded.
FULMER and STRINGER, JJ., Concur.