876 So.2d 1253 (2004)
Cornet McNARRIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1156.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*1254 Carey Haughwout, Public Defender, Peggy Natale, Assistant Public Defender, and Christine Geraghty, Certified Legal Intern, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Cornet McNarrin was charged with two counts of exploitation of an elderly person or disabled adult in violation of sections 825.103(1) and (2), Florida Statutes (2002). Count I arises from an incident that occurred on May 18, 2001. Count II arises from an incident that occurred on May 23, 2001. The jury found McNarrin not guilty on Count I, but guilty on Count II. McNarrin argues that this court should reverse the conviction on Count II because the State failed to present sufficient evidence to establish the necessary intent. We agree.
McNarrin was employed as a caregiver for Frances Debrovner, a ninety-two year old woman. On May 23, 2001, McNarrin went by herself to a Bank of America branch located in Lauderdale Lakes. She presented a check signed by Mrs. Debrovner made out to "cash" in the amount of $6,000. The bank accepted the check and McNarrin received the cash. The State alleged that McNarrin exploited Mrs. Debrovner with the intent to deprive her of the funds received on that date in violation of section 825.103. McNarrin's defense at trial was that she cashed the $6,000 at Mrs. Debrovner's request because Mrs. Debrovner wanted to open an account with the assisted living facility where she was residing.
Section 825.103 defines "exploitation of an elderly person" as follows:
(a) Knowingly, by deception or intimidation, obtaining or using, or endeavoring to obtain or use, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:
1. Stands in a position of trust and confidence with the elderly person or disabled adult; or
2. Has a business relationship with the elderly person or disabled adult; or
(b) Obtaining or using, endeavoring to obtain or use, or conspiring with another to obtain or use an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who knows or reasonably should know that the elderly person or disabled adult lacks the capacity to consent.
Pursuant to the language in the statute, intent is a necessary element under both subsections.
*1255 At trial, the State presented only circumstantial evidence to establish McNarrin's intent. Where the only proof of guilt is circumstantial, a special standard of review applies. A conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. See State v. Law, 559 So.2d 187 (Fla.1989); Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998). A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.
This case is controlled by Everett v. State, 831 So.2d 738 (Fla. 4th DCA 2002). In Everett, the defendant was charged with exploitation of the elderly and grand theft. Id. at 739. The evidence at trial established that the defendant had gone with her godmother, an elderly woman, to the bank and closed out one of the woman's accounts. They received $38,604.79 from the account. Id. at 740. Department of Children and Families (DCF) investigators became suspicious. When DCF questioned the defendant, she claimed that she used these funds to fix the woman's home. The defendant was able to provide receipts for about half of the funds spent, but was unable to account for the other half. She told the DCF investigators that she had no knowledge of the whereabouts of the rest of the money. However, at trial, the defendant alleged that she had returned the unaccounted for money to the woman who had then probably sent the money to a psychic. The jury convicted her on the exploitation of the elderly count.
On appeal, this court reversed on the basis that the state failed to present competent substantial evidence of exploitation from which the jury could exclude every reasonable hypothesis except that of guilt. Id. at 741. The state presented no evidence contrary to the defendant's theory that she used the missing money as claimed and returned the unaccounted-for money to the woman. This court stated:
Although there was evidence here that Everett knew of the victim's failing mental capacity, there simply was no evidence from which the jury could reasonably conclude that Everett exploited the victim either by obtaining, or trying to obtain, the victim's funds with the intent of temporarily or permanently depriving the victim of them. Here, there were no deposits into the defendant's bank accounts, no unexplained sudden acquisition of property in the defendant's name. In the end, Everett stated that any money which was not accounted for by a receipt, or her own recollection, was given to Frederick. The State presented no evidence inconsistent with this claim.
Id. at 742. Therefore, the state's evidence was insufficient to legally establish that the defendant obtained or used the funds with the intent to temporarily or permanently deprive the woman of the funds. Id.
Similar to Everett, the State failed to present evidence regarding any deposits in McNarrin's bank account or evidence regarding any unexplained sudden acquisition of property in McNarrin's name. In addition, the State failed to present evidence from the assisted living facility to establish that Mrs. Debrovner did not in fact open up an account after May 23rd. It would appear a simple task for the State to have presented evidence that the $6,000 was never deposited in Mrs. Debrovner's assisted living account. Therefore, we hold that the State failed to present evidence from which the jury could exclude every reasonable hypotheses except that of guilt. We reverse the conviction and direct the trial court to enter a judgment of *1256 acquittal on Count II and discharge McNarrin.
REVERSED.
GUNTHER and STEVENSON, JJ., concur.