ALTENBERND, Chief Judge.
David Lindsay Bernau appeals a judgment for exploitation of an elderly person through deception or intimidation pursuant to section 825.103(l)(a), Florida Statutes (1999). The charge arose out of a transaction in which Mr. Bernau’s elderly parents endorsed a $847,000 check to him. Because the State failed to prove that Mr. Bernau obtained this money by deception or intimidation, we must reluctantly reverse.
In September 2000, Robert and Ruth Bernau sold the home in which they had been residing with a dependent adult son. Mr. and Mrs. Bernau were in their late seventies or early eighties. They moved into another home after they sold this one. At the closing on the sale of the property, which was handled by an attorney who represented the purchasers, the couple received a check made payable to them jointly in the amount of $847,000. Shortly thereafter, the couple endorsed the check to David Bernau, the defendant, who is one of their sons. David Bernau deposited the check into his personal checking account.
It is undisputed that David Bernau spent the majority of these funds for his own personal gain, and not to benefit his parents. By March 2001, when a professional guardian was appointed for the elderly couple, they each possessed approximately $2000. At that time, there was little remaining in David Bernau’s account. The guardian instituted various actions against David Bernau to recover the funds or assets David Bernau had acquired with the funds. The guardian ultimately recovered approximately $380,000 worth of assets for the guardianship estates. The State, in turn, charged David Bernau with one count of exploitation of an elderly person.[1]
The State’s case against David Bernau was complicated by the mental status of his parents and the testimony of his siblings. The State did not offer evidence that the Bernaus were incompetent at the time of the real estate transaction when they endorsed the check to David Bernau. However, the Bernaus’ mental status apparently diminished rapidly after they moved. By early 2001, an emergency guardian was appointed for them by the Department of Children and Family Services. They were declared totally incapacitated in March 2001. As a result, they did not provide any testimony in this criminal case.
The bulk of the State’s evidence explained how David Bernau had spent the money, not how he obtained it. The State did not present any witnesses to the transaction in which the Bernaus endorsed the check over to David Bernau. There was no testimony or other direct evidence that *1231 David Bernau lied to his parents or intimidated them in order to obtain the funds. The State did present evidence that David Bernau had been convicted of. stealing money from his parents a few years earlier. However, two of the Bernaus’ other sons testified in support of their brother. One of the sons testified that he had personally discussed the matter with his parents and that his parents had confirmed that they intended to give this, money to David Bernau.[2] Nevertheless, the, trial court denied David Bernau’s motion for judgment of acquittal and the jury rendered a verdict that David Bernau was guilty as charged. Because the trial court erred in denying the motion for judgment of acquittal, we reverse.
Section 825.103(1), Florida Statutes (1999), sets forth two separate ways in which the crime of exploitation of the elderly may be committed:
(1) “Exploitation of an elderly person or disabled adult” means:
(a) Knowingly, by deception or intimidation, obtaining or using, or endeavoring to obtain or use, an elderly person’s or disabled adult’s funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:
1. Stands in a position of trust and confidence with the elderly person or disabled adult; or
2. Has a business relationship with the elderly person or disabled adult; or
lb) Obtaining or using, endeavoring to obtain or use, or conspiring with another to obtain or use an elderly person’s or disabled adult’s funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who knows or reasonably should know that the elderly person or disabled adult lacks the capacity to consent.
Here, the information specifically charged David Bernau with violating section 825.103(l)(a) and specifically tracked the language regarding the u§e of deception or intimidation. The State did not seek to prove the crime 'set forth in section 825.103(l)(b), wherein a person obtains an elderly person’s assets at a time when they know or reasonably should know that the elderly person lacks the capacity to consent. Thus, the State was required to prove that David Bernau, while standing in a position of trust with his parents, used deception or intimidation to knowingly obtain their funds with the intent of temporarily or permanently depriving them of the use of the funds. There was undisputed evidence that David Bernau stood in a position of trust with his parents and that he obtained the $847,000 and proceeded to spend it. Thus the critical element in this case was whether he obtained the money by deception or intimidation.
Section 825.101(8), Florida Statutes (1999), defines “intimidation” as “the com *1232 munication by word or act to an elderly person ... that the elderly person ... will be deprived of food, nutrition, clothing, shelter, supervision, medicine, medical services, money, or financial support or will suffer physical violence.” Section 825.101(3) defines “deception” as follows:
(a) Misrepresenting or concealing a material fact relating to:
1. Services rendered, disposition of property, or use of property, when such services or property are intended to benefit an elderly person or disabled adult;
2. Terms of a contract or agreement entered into with an elderly person or disabled adult; or
3. An existing or preexisting condition of any property involved in a contract or agreement entered into with an elderly person or disabled adult; or
(b) Using any misrepresentation, false pretense, or false promise in order to induce, encourage, or solicit an elderly person or disabled adult to enter into a contract or agreement.
The State did not present any witness who could testify that David Bernau intimidated his parents to coerce them to sign this check. The State presented no witness who could testify that he misled his parents or tricked them into giving him this check. Instead, the State argued that it was simply inconceivable that the parents would have given David Bernau this amount of money without intimidation or some assurance that he would take care of them.
Certainly, the transaction here is highly suspicious. The evidence surrounding the transaction was clearly sufficient to sustain the guardian’s burden of proof in a- civil suit to recover the assets David Bernau acquired through the use of his parents’ funds. In addition, there is no doubt that such a gift to David Bernau under the circumstances exhibits extremely poor judgment on the part of the parents. Their poor judgment, however, without any evidence to show that David Bernau employed deception or intimidation, is not circumstantial evidence proving the elements of this crime. This is particularly so in light of the testimony of David Ber-nau and his brothers that the parents intended to give these funds to David Ber-nau.
We are not called upon to judge the morality of David Bernau’s conduct. The elements of this crime were established by the legislature, and the State was unable to prove them. Accordingly, the trial court was required to grant David Ber-nau’s motion for judgment of acquittal. We reverse the judgment for exploitation of an elderly person and remand for discharge.
Reversed and remanded.
STRINGER and DAVIS, JJ., Concur.

. Although technically the State sought to prove that David Bernau exploited both Robert and Ruth Bernau, and the information identified both Robert and Ruth Bernau, the exploitation arose from David Bernau’s receipt of funds owned by the couple jointly. In charging David Bernau with only one count of exploitation, the State may have intended to avoid the interesting question of whether these facts supported two convictions based upon the same transaction.

. Whether the documents establishing David Bernau's prior theft from his parents were properly admitted as Williams rule evidence, see Williams v. State, 110 So.2d 654 (Fla.1959), is a very close question. Likewise, the hearsay testimony from David Bernau's brother concerning the intentions of his parents was admitted without a thorough consideration of its admissibility. Nevertheless, with or without this evidence, the State did not present circumstantial evidence that David Bernau, on the occasion in question, employed intimidation or deception to obtain this money.