WARNER, J.
 

 Appellant, Roberto Galavis, appeals his conviction and sentence for attempted kidnapping. He maintains that the state failed to prove an essential element of intent, and the trial court should have granted his motion for judgment of acquittal. We affirm, concluding that the state presented circumstantial evidence from which the jury could infer the necessary intent and which was inconsistent with any reasonable hypothesis of innocence.
 

 The facts of this case are relatively straightforward. At trial, witnesses testified that Galavis was riding a three-wheel bicycle on Thanksgiving Day of 2007 when he approached a three-year-old girl walking down the street with members of her family, including her mother, her one-year-old brother, her teenage sister, and her aunt. He grabbed the young girl by the waist, attempting to place her in a basket on back of his bicycle. He told the mother he was taking the little girl. His demean- or and tone were angry. The victim began crying, kicking and screaming. The victim’s aunt and older sister immediately struggled with appellant and got the victim back from him. Galavis then told the
 
 *178
 
 mother that if she “wasn’t going to give him the little girl, to give him the little boy.” However, he did not actually try to take her son. Instead, he left on his bicycle, and the family went home. Before the incident on Thanksgiving, the family had never seen Galavis. The mother later identified him after he was apprehended by the police.
 

 Galavis was charged by information with attempted kidnapping in violation of sections 787.01 and 777.04, Florida Statutes. In conformance with the statutory elements, the information charged that Galav-is “did forcibly, secretly, or by threat, attempt to confíne, abduct, or imprison the person of G.B., against that person’s will and without lawful authority, with intent to hold for ransom or reward or as a shield or hostage, and/or inflict bodily harm upon or to terrorize the victim or another person.”
 

 Defense counsel moved for a judgment of acquittal after the state presented its case, arguing that the crime required a specific intent, and the state had failed to offer any evidence of Galavis’s intent. The state countered that the victim was crying and screaming at the time of the incident, that intent could be proven by circumstantial evidence, and that in the light most favorable to the state, the evidence showed that appellant intended to terrorize the victim or the victim’s mother. The trial court denied the motion, and Galavis was convicted of attempted kidnapping. He appeals, claiming that the trial court should have granted his motion for judgment of acquittal.
 

 A de novo standard of review applies when reviewing a motion for judgment of acquittal.
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). “Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”
 
 Id.
 
 (citations omitted). A more stringent standard of review applies, however, if the state’s evidence of guilt is wholly circumstantial.
 
 See State v. Law,
 
 559 So.2d 187 (Fla.1989). “Where the only proof of guilt is circumstantial ... a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.”
 
 Id.
 
 at 188.
 

 If the evidence in a case is both direct and circumstantial, it is unnecessary to apply the special standard of review applicable to circumstantial evidence cases.
 
 See Wilson v. State,
 
 493 So.2d 1019, 1022 (Fla.1986),
 
 receded from on other grounds by Evans v. State,
 
 838 So.2d 1090 (Fla. 2002). However, if there is direct evidence of a defendant’s
 
 actus reus,
 
 but the defendant’s intent is proven solely through circumstantial evidence, the special standard of review applies only to the state’s evidence establishing the element of intent.
 
 See Walker v. State,
 
 957 So.2d 560, 577 (Fla.2007) (“Because Walker did not admit that he intended to kill Hamman, the State’s case as to the intent element for first-degree premeditated murder, the
 
 mens rea,
 
 is based on circumstantial evidence. Thus, we apply the special standard of review only to the State’s evidence establishing the element of premeditation.”);
 
 see also McNarrin v. State,
 
 876 So.2d 1253, 1255 (Fla. 4th DCA 2004) (“At trial, the State presented only circumstantial evidence to establish McNarrin’s intent. Where the only proof of guilt is circumstantial, a special standard of review applies.”). Nonetheless, because direct evidence of intent is rare and must be proven through the surrounding circumstances, “a trial court should rarely, if ever, grant a motion for judgment of acquittal on the
 
 *179
 
 issue of intent.”
 
 Washington, v. State,
 
 737 So.2d 1208, 1215 (Fla. 1st DCA 1999).
 

 Applying this law to the facts of this case, we have no trouble concluding that the state presented sufficient direct and circumstantial evidence to withstand a motion for judgment of acquittal. Direct evidence supported the act of attempted kidnapping in that Galavis grabbed the child in the mother’s presence and attempted to leave with her. Kidnapping also requires proof of one of four specific enumerated intent elements.
 
 See Sean v. State,
 
 775 So.2d 343, 344 (Fla. 2d DCA 2000);
 
 see also Keller v. State,
 
 586 So.2d 1258, 1262 n. 8 (Fla. 5th DCA 1991),
 
 abrogated on other grounds by State v. Smith,
 
 840 So.2d 987 (Fla.2003). The theory of attempted kidnapping relied upon by the state in this case was that Galavis’s conduct was done with intent to “inflict bodily harm upon or to terrorize the victim or another person.” Because Galavis never made any statements announcing his motivation for grabbing the child, the state’s case as to the specific intent element of attempted kidnapping was based on circumstantial evidence. As a result, the special standard of review applies as to the intent element, and to sustain the attempted kidnapping conviction, the state’s evidence of Galavis’s intent must be inconsistent with any reasonable hypothesis of innocence.
 

 We have no trouble in concluding that this evidence constitutes circumstantial evidence of an intent to terrorize both the mother and the victim. Galavis, a stranger, grabbed the child and attempted to put her in his bicycle basket and ride away. His demeanor was angry, and he spoke in an angry tone when he told the mother he was taking the child. The child was screaming. If that weren’t terrifying enough, when the sister and aunt fought for the little girl, Galavis told them to give him the boy. Clearly, one can infer intent to terrorize the victim and the victim’s mother from the facts of this case. When the child began screaming, Galavis did not stop his attempt to take her. Thus, he continued his course of conduct, knowing the effect his actions had on the child. This constitutes circumstantial evidence that he intended the effects to the victim that he himself witnessed.
 

 To satisfy its burden, the state’s circumstantial evidence must be inconsistent with every
 
 reasonable
 
 hypothesis of innocence
 
 that the defendant proposes. See Twilegar v. State,
 
 — So.3d-,-(Fla. 2010). The defense suggested at trial that Galavis simply wanted to take the children for a ride in his bicycle. However, that he grabbed the child and struggled with the mother and aunt is inconsistent with the defense’s hypothesis that his intent was innocent. Furthermore, his angry tone and demeanor belies a beneficent intent. Because the state met its burden, the trial court correctly denied the motion for judgment of acquittal.
 

 We affirm appellant’s conviction and sentence.
 

 FARMER and LEVINE, JJ., concur.