ALTENBERND, Judge,
Specially concurring.
I concur in the outcome of this unusual case because the State never proved that Mr. Green unlawfully obtained or used, endeavored to obtain or use, or appropriated the bank’s property to his use or the use of another not entitled to use the property. But I am not entirely convinced that the outcome of this case is controlled by the special standard generally applicable to cases “where a conviction is wholly based on circumstantial evidence.” State v. Law, 559 So.2d 187, 188 (Fla.1989); see also Walker v. State, 957 So.2d 560, 577 (Fla.2007); Galavis v. State, 28 So.3d 176, 178 (Fla. 4th DCA 2010). I am the first to admit that the line that distinguishes direct evidence from circumstantial evidence is sometimes not intuitive to me. Moreover, it is not always easy for me to decide whether a conviction or an element of an offense is based wholly on circumstantial evidence, or based on both direct and circumstantial evidence thereby rendering it unnecessary to apply the special standard of review applicable to circumstantial evidence cases. See Wilson v. State, 493 So.2d 1019, 1022 (Fla.1986), receded from on other grounds by Evans v. State, 838 So.2d 1090 (Fla.2002).
As explained in the court’s opinion, Mr. Green submitted an application for a loan that contained at least one material representation that was “utterly false.” There is direct evidence that Mr. Green submitted the application and received these funds. A jury could have decided that Mr. Green knowingly submitted an application for a loan relying on his mother’s credit history and on an exaggerated income. He did this either to obtain a loan that the bank would not have extended to him alone or to obtain a loan at an interest rate more favorable than the rate that would have been extended based on his own earnings and credit history.
But the information charged that he “did unlawfully obtain or use, or endeavor to obtain or use” money, i.e., loan proceeds in the amount of $100,000. The problem, as I see it, is that the bank gave him these funds in a completely normal, secured transaction. The bank obtained rights to the real property identified in the mortgage, and it received all payments to which it was entitled. There is no question that Mr. Green did not permanently deprive the bank of any rights in this money. As charged, I am not convinced that he even temporarily deprived the bank of any property rights.
If the information had charged that Mr. Green knowingly and unlawfully obtained money that the bank would have received under a higher interest rate associated with the correct risk in this transaction, the alleged theft would have been a matter of lost interest income and the amount taken would have been much smaller than $100,000. Assuming that such a “theft” of income would qualify as a theft under the broad language of the statute,[1] if this had been the charge alleged in the information and all other elements were proven, I am inclined to believe that intent would have been an issue appropriate for jury resolution. See Walker, 957 So.2d at 577; Galavis, 28 So.3d at 178.
This is simply a very unusual case, and I would not wish our evaluation of the circumstantial nature of the evidence of in *839 tent in this case to apply in more typical criminal eases.

. This assumption might be wrong. As this court's opinion notes, Mr. Green obtained the loan by misrepresentation. The bank was not deprived of property. Rather, it was deprived of future income that would have resulted from a higher interest rate.