DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CYNTHIA FRANKE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1678

[January 27, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 10-3225 CF10A.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR REHEARING AND/OR CLARIFICATION*

STEVENSON, J.

The State has filed a Motion for Rehearing and/or Clarification. We deny the motion. However, we withdraw our previously issued opinion and substitute the following.

Cynthia Franke appeals her conviction of financial exploitation of the elderly. Because the State's evidence was not inconsistent with her theory of innocence, we reverse.

Franke and the alleged victim, Mary Teris, have been friends for thirty years. They met when Teris became a client of the investment firm where Franke worked as a stockbroker. Teris was at the office daily and was very involved with her accounts. Over the years, Franke and Teris became very close and had a mother/daughter-type relationship. Franke was always there for Teris, driving her where she needed to go and helping her with

her two sons.

In 1996, Teris prepared a special needs trust for her two sons, a revocable trust, a power of attorney, and a will with Mr. Grand, her estate planning attorney. In 2008, she brought the trust to Franke and told her she wanted to make changes to it. Mr. Grand was out of town, so Teris asked Franke about an attorney she had seen at the investment firm, Mr. Friedman.

Teris met with Mr. Friedman and made multiple changes to the trust. At issue are changes made on June 22, 2009, when Teris changed the trustee of the trust from her sister to Franke and made Franke a residuary beneficiary of the trust. According to Mr. Friedman, Teris made the changes because her sisters were close to her age and would be unable to manage her property if something happened to her. She wanted someone she could trust to manage her assets and take care of her sons, so she chose Franke. Teris named Franke as residuary beneficiary because her sons were already taken care of with the special needs trust, her sisters did not need her money, and Franke had always been there for her.

When Franke learned that Teris had made her a trustee and beneficiary, she became upset because she knew there would be a conflict of interest with her work. Franke told her boss, who informed her that she could not be trustee, but could remain a beneficiary. Teris then amended the trust to make her accountant a co-trustee, along with herself.

In 2010, Franke was arrested and charged with exploitation of the elderly, under section 825.103, Florida Statutes (2009). Franke moved for judgment of acquittal at the end of the State's case, arguing the State did not prove there was any "endeavoring to obtain" on her part. The trial court denied the motion, and Franke was convicted. This appeal followed.

"Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." *Everett v. State*, 831 So. 2d 738, 741 (Fla. 4th DCA 2002). A trial court should grant a motion for judgment of acquittal "in a circumstantial evidence case if the State fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." *Id.*

The State's case was based on two theories under section 825.103, Florida Statutes. The first was that: "(1) the defendant stood in a position of trust and confidence with the victim; (2) the defendant obtained [or endeavored to obtain] funds belonging to the victim with the intent to

2

temporarily or permanently deprive the victim of those funds; and (3) the defendant used deception or intimidation to obtain the funds." *Everett*, 831 So. 2d at 741; *see also* § 825.103(1)(a), Fla. Stat. (2009). The second theory required the State to prove that Franke obtained or endeavored to obtain funds belonging to Teris with the intent to temporarily or permanently deprive Teris of those funds, and that Franke knew or should have known that Teris lacked the capacity to consent. § 825.103(1)(b); *Everett*, 831 So. 2d at 741.

Both theories rely on the common element that Franke obtained or endeavored to obtain Teris's property. "'Endeavor' means to attempt or try." § 825.101(6), Fla. Stat. (2009). Obtain "means any manner of: (a) [t]aking or exercising control over property; or (b) [m]aking any use, disposition, or transfer of property." § 825.101(10). This element is lacking under either theory here.

Under the first theory, the State argued that Franke endeavored to deceptively obtain Teris's property by having herself named as the residuary beneficiary when she "guided" Teris to Mr. Friedman, and was at the office—but not in the room—when some of the amendments were executed. However, this evidence is not inconsistent with Franke's theory that being named beneficiary was an unsolicited gift. Franke and Teris had been friends for thirty years, and Franke constantly helped Teris throughout the years.

Under the second theory, the State argued that Franke endeavored to obtain Teris's property knowing that Teris lacked the capacity to consent. While the State did present sufficient evidence for a jury to conclude that Teris lacked capacity, this theory fails for the same reason as the first—the evidence was not inconsistent with Franke's hypothesis that she did not obtain or endeavor to obtain Teris's property because Teris named her a beneficiary as an unsolicited gift.

Finally, we note that Franke would not have received any of Teris's property until after Teris passed away. Even then, Franke would receive something only if anything remained in the trust. Although we need not decide the issue in this case, it does not seem that obtaining the future expectancy of property under a will or trust falls under the purview of the statute. Prior reported cases which we have found addressing section 825.103 have concerned a present transfer of property, not a future expectancy in a will or trust. *See Guarscio v. State*, 64 So. 3d 146, 147 (Fla. 2d DCA 2011) (defendant used victim's proceeds from refinancing mortgage on a house); *Bernau v. State*, 891 So. 2d 1229, 1230 (Fla. 2d DCA 2005) (victim endorsed $847,000 check to defendant); *McNarrin v.*

*State*, 876 So. 2d 1253, 1254 (Fla. 4th DCA 2004) (defendant cashed $6000 check signed by victim); *Everett*, 831 So. 2d at 739–40 (defendant closed out one of victim's bank accounts in the amount of $38,604.79 at the victim's request).

The State failed to present evidence inconsistent with Franke's hypothesis of innocence that she did not obtain or endeavor to obtain Teris's property because Teris named her a beneficiary as a gift. Accordingly, we reverse the trial court's denial of Franke's motion for judgment of acquittal and remand for discharge.

*Reversed and remanded for discharge.*

WARNER and FORST, JJ., concur.

*       *       *