# Third District Court of Appeal

## State of Florida

Opinion filed May 13, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0504
Lower Tribunal No. F23-19420
_____

**Dionis Miguel Triana,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Ryan P. Schelwat, Assistant Attorney General, for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

GORDO, J.

Dionis Triana appeals his conviction and sentence for attempted kidnapping arguing the trial court erred by not granting judgment of acquittal because there was an absence of evidence of an overt act towards completing the kidnapping.[1]  We have jurisdiction.  Fla. R. App. P. 9.140.

**I.**

On September 27, 2023, Letetra Martin was waiting with her eight year old daughter C.C. and C.C.'s godmother Priscilla Johnson at the downtown Government Center bus stop.  As the three were waiting for a specific bus to Walmart, they crossed paths with Triana—a stranger to them.  Unprompted, Triana approached them and began yelling at Johnson.  This caused Martin to warn Triana not to come near them, because her minor daughter was present.  Although he initially began distancing himself from the women, Triana then started to rush back toward them, triggering C.C. to move behind Martin.  Triana then verbally threatened to snatch C.C. yelling:  "F it, I'm gonna just snatch the baby then."  Triana next dodged towards C.C. reaching out to grab her.  Martin and Johnson got in between Triana and C.C. and physically blocked Triana from grabbing C.C.  Triana then punched Johnson in the face and ran off.[2]  He was located, arrested and subsequently charged

---

[1]  While Triana raises other arguments, we affirm these without further discussion as we find them to be meritless.
[2]  Some of the incident was caught on CCTV and is part of the record.

2

by criminal information with one count of attempted kidnapping of a child under the age of thirteen, in violation of section 777.04(1), Florida Statutes, and one count of battery, in violation of section 784.03.

## II.

"The denial of a motion for judgment of acquittal is reviewed de novo." Azin v. State, 400 So. 3d 733, 739 (Fla. 3d DCA 2024) (quoting Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002)). "A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." Id. (quoting Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974)). "[A] conviction is supported by sufficient evidence where a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the State." Id. (quoting Knight v. State, 186 So. 3d 1005, 1012 (Fla. 2016)).

## III.

To prove kidnapping in Florida under section 787.01, the state must prove beyond a reasonable doubt that the defendant possessed the specific intent to forcibly, secretly, or by threat confine, abduct, or imprison a person against their will without lawful authority. § 787.01, Fla. Stat.

If a defendant takes a substantial, overt step toward committing kidnapping but is prevented from completing the confinement, abduction, or imprisonment, they can be charged with attempted kidnapping, which is typically a felony in Florida.  § 777.04(1), Fla. Stat.

"In ruling on a motion for judgment of acquittal, the court must construe the evidence in the light most favorable to the State."  Alonso v. State, 821 So. 2d 423, 427 (Fla. 3d DCA 2002).  The difference between conspiracy and attempt is a question of law.  "[T]he crime of attempt is complete where a defendant 'does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof.'" Berger v. State, 259 So. 3d 933, 936 (Fla. 5th DCA 2018) (citing § 777.04(1), Fla. Stat.).

In this case, by darting toward and grabbing at C.C. after having made the threat that he was going to take the child, the State presented sufficient evidence to defeat a motion for judgment of acquittal.  Viewed in the context of the prior threat to kidnap, a jury could find such conduct was a sufficient overt act to commit attempted kidnapping.  See Galavis v. State, 28 So. 3d 176, 179 (Fla. 4th DCA 2010) ("Applying this law to the facts of this case, we have no trouble concluding that the state presented sufficient direct and circumstantial evidence to withstand a motion for judgment of acquittal.

4

Direct evidence supported the act of attempted kidnapping in that [Triana] grabbed [at] the child in the mother's presence and attempted to leave with her.").

Accordingly, we affirm.

Affirmed.