PER CURIAM.
We affirm the final judgments of conviction and sentences under review. The defendant has failed to demonstrate any reversible error in the three contentions he raises on appeal.
*1013 First, we are not persuaded that the trial court erred in denying the defendant’s pre-trial motion to suppress the defendant’s statements to the police. The thrust of the contention here appears to be that the police unlawfully entered the defendant’s home to arrest the defendant because the consent the police obtained from his live-in girlfriend to enter the premises was a coerced consent — thereby tainting (a) the arrest of the defendant effected in his home and (b) the statements of the defendant subsequently given to the police. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We cannot agree with this analysis inasmuch as the record indicates that the aforesaid consent was freely and voluntarily given to the police to enter the defendant’s premises. Schneckcloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Denehy v. State, 400 So.2d 1216 (Fla.1981); Plant v. State, 336 So.2d 437 (Fla. 1st DCA 1976).
Second, the trial court did not err in denying defense motions for a judgment of acquittal. The evidence of guilt in this case was more than sufficient to submit to the jury on the charges of first degree murder and attempted first degree murder. Buford v. State, 403 So.2d 943 (Fla.1981), cert. denied, 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982); Sireci v. State, 399 So.2d 964 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982); Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Mead v. State, 438 So.2d 410 (Fla. 3d DCA 1983).
Third, no error was committed in denying a defense motion to continue the trial and to allow defense counsel to withdraw as counsel for the defendant. No valid grounds existed for these motions. The motions were untimely presented at the outset of trial and the entire matter was a transparent ploy by the defendant himself to avoid going to trial. See Fla.R. Crim.P. 3.190(g)(2), (3).
Affirmed.