PER CURIAM.
This is an appeal by the defendant Michael James Maret from final convictions and sentences for first-degree murder and robbery entered after an adverse jury verdict. The defendant raises four points on appeal; we affirm.
First, we reject the defendant’s argument that the trial court denied the defendant his right to self-representation. The defendant’s request to represent himself and obtain a continuance made on the day of trial was both untimely and an obvious ploy to avoid going to trial; it was therefore properly denied. Robards v. Rees, 789 F.2d 379, 384-85 (6th Cir.1986); Mena v. State, 451 So.2d 1012 (Fla. 3d DCA 1984). Moreover, the defendant’s conduct subsequent to this request indicated that he was vacillating in this request, as he later indicated that he did not want to represent himself or was unsure about the matter and requested that he serve as co-counsel with his court-appointed attorney, a request which the trial court granted; thus any request for self-representation was clearly waived. Brown v. Wainwright, 665 F.2d 607, 611 (5th Cir.1982); Jones v. State, 449 So.2d 253, 258-59 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984); Myles v. State, 582 So.2d 71, 72 (Fla. 3d DCA 1991), quashed on other grounds, 602 So.2d 1278 (Fla.1992).
Second, we reject the defendant’s argument that the trial court committed reversible error in admitting certain photographs of the deceased taken at the medical examiner’s office. These photographs were relevant in refuting the defendant’s claim that he only struck the deceased once in self-defense; moreover, the associate medical examiner specifically testified that such photographs assisted him in explaining to the jury the multiple injuries observed on the deceased. Even though the photographs depicted gruesome sights, the relevance of such photographs to the case was not outweighed by the danger of unfair prejudice and were admissible in evidence; the fact that the photographs were taken at the medical examiner’s office, rather than the scene of the crime, cannot change this result. Henderson v. State, 463 So.2d 196 (Fla.), cert. denied, 473 U.S. 916, 105 S.Ct. 3542, 87 L.Ed.2d 665 (1985); Wilson v. State, 436 So.2d 908 (Fla.1983); Welty v. State, 402 So.2d 1159, 1163 (Fla.1981); Swan v. State, 322 So.2d 485 (Fla.1975); Edwards v. State, 414 So.2d 1174 (Fla. 5th DCA 1982).
Third, the evidence adduced at trial, contrary to the defendant’s argument, was more than sufficient to sustain the defendant’s conviction for robbery. Ferguson v. *951 State, 417 So.2d 631 (Fla.1982). Finally, we find no basis in this record for a mistrial based on the prosecuting attorney’s complained-of misconduct in referring to the charged homicide as a “murder[]” in a question posed to a witness; the improper nature of this remark was cured by the court’s cautionary instruction to the jury. Breedlove v. State, 413 So.2d 1, 8 (Fla.1982). Moreover, the defendant’s objection to the complained-of remark made by the prosecuting attorney in closing argument was sustained; there was no basis for a mistrial based on this remark, and, indeed, none was even requested.
Affirmed.