PER CURIAM.
Kareem Brantley (“defendant”), appeals an order revoking his probation. We reverse and remand for a new hearing, because the trial court erred in denying the defendant’s request to be represented by privately retained counsel instead of his court-appointed counsel.
While we recognize the defendant’s request was made on the day of the revocation hearing, we note the defendant did not seek a continuance. Moreover, there was no indication that the proceedings needed to be delayed or interrupted, or that the request was made for the purpose of delay or to otherwise subvert judicial proceedings. The defendant stated he was dissatisfied with court-appointed counsel for not investigating or calling defense witnesses, and that he wanted his family attorney, who had been contacted earlier in the week and was present in court, to represent him at the revocation proceedings.
In the absence of a showing of bad faith on the part of the defendant in seeking to discharge his court-appointed counsel, it was improper to deny the defendant his Sixth Amendment right to retain the private counsel of his choice. See Foster v. State, 704 So.2d 169 (Fla. 4th DCA 1997); cf. Evans v. State, 741 So.2d 1190 (Fla. 4th DCA 1999)(denial of last minute motion to discharge affirmed where defendant had not hired or even spoken with a private attorney at the time of the request). Accordingly, we reverse the order revoking the defendant’s probation and remand for a new hearing.
Reversed and remanded.