ROTHENBERG, J.
Gerard P. Francois (“the defendant”) appeals his convictions for aggravated battery and misdemeanor battery based on the trial court’s denial of his ore tenus motions for a continuance and for substitution of private counsel for his court-appointed counsel after the jury had been selected and sworn, and he also asks us to find ineffective assistance of his court-appointed counsel on the face of the record. Because we find that the trial court did not abuse its discretion by denying the motion for a continuance to obtain substitute counsel and that the defendant’s court-appointed counsel was not clearly incompetent based on the face of the appellate record, we affirm.
In 2010, the defendant was charged with attempted second-degree murder, burglary with an assault or battery, aggravated assault with a firearm, and misdemeanor battery. Shortly thereafter, an attorney from the office of regional counsel, Arthur McNeil, was appointed to represent the defendant.
After several continuances, the defendant filed a demand for speedy trial on August 8, 2012. The record reflects that on. August 17, 2012, the trial court addressed the defendant’s demand for speedy trial, colloquied the defendant, who was present in court, and, with the defendant present, set the case for trial for the following Monday, August 20, 2012. On Monday, August 20, a jury was selected and sworn, and the case was adjourned until the following day for opening statements and presentation of the evidence. When the trial reconvened the following day, however, the defendant’s court-appointed counsel, Mr. McNeil, informed the trial court that the defendant wanted to continue the case. Mr. McNeil explained that the defendant had relayed to him that the defendant did not feel ready for trial, and that the defendant’s family had spoken to a private attorney about representing the defendant. Mr. McNeil told the trial court that he believed the private attorney had agreed to represent the defendant, although that attorney had not yet met with the defendant.
In addressing the defendant’s untimely motion for a continuance, the trial court noted that the defendant had filed a demand for speedy trial; the trial court had asked the defendant the preceding Friday if he was ready for trial and whether he was satisfied with his attorney; the trial had already commenced; and when the jury was selected and sworn the preceding day, the defendant had raised no concerns and had not requested a continuance. The trial court explained that it was “a little late” for a continuance since the jury had been selected and sworn, but nonetheless asked the defendant why he believed he needed a new attorney. The defendant responded by stating that Mr. McNeil had not deposed all of the police officers involved in the case; Mr. McNeil did not *1188 schedule a Franks[1] hearing or move for pretrial prosecutorial immunity based on a stand-your-ground defense, despite the defendant’s request to do so; and the defendant had written the prior judge explaining his dissatisfaction with Mr. McNeil.
The trial court noted, and the record reflects, that no motion or letter from the defendant had been filed. Upon inquiry, however, the defendant produced a copy of the letter he claimed he had sent to the prior judge. In this letter, the defendant stated he wanted a new lawyer based on Mr. McNeil’s attitude towards him during a telephone call.
In addressing the defendant’s concerns, the trial court asked Mr. McNeil why he had not deposed all of the officers and filed the requested motions. Mr. McNeil explained that he had deposed all of the witnesses except some officers who provided their reports, but had no substantial testimony to offer. The trial court told the defendant that in the unlikely event any of these officers were called to testify, it would allow Mr. McNeil to speak with the officer before allowing the testimony.
With regard to Mr. McNeil’s failure to request a Franks hearing, the trial court asked the defendant if he wanted his lawyer to file a motion to suppress. The defendant replied that he did not want the evidence suppressed, he wanted a Franks hearing to contest the search. Mr. McNeil, however, explained that the defendant signed a form consenting to the search, that in his sworn taped statement the defendant admitted that he signed the consent to search form freely and voluntarily, and that no one threatened or forced him to sign it. Additionally, the defendant contacted the police, provided his location, and was attempting to fully cooperate with their investigation when he consented to the search. Thus, Mr. McNeil had no good faith basis to request a Franks hearing.
The defendant’s complaint regarding Mr. McNeil’s failure to litigate a stand-your-ground pretrial motion fared no better after the defendant told the trial court that he wanted to have a stand-your-ground hearing “because it wasn’t — it wasn’t self-defense at all, it was an accident. I told Mr. McNeil that.” When the trial court explained that if the defendant was contending the shooting was an accident, stand-your-ground would not apply, Mr. McNeil informed the trial court that he had explained the same thing to the defendant when he decided not to file the motion.
After carefully considering the defendant’s stated reasons for requesting a continuance, the procedural posture of the case, and Mr. McNeil’s responses, the trial court denied the defendant’s ore tenus motion for a continuance. Because the record reflects that the trial court’s denial of the defendant’s motion for a continuance was not an arbitrary decision, but rather an exercise of the trial court’s discretion after considering, weighing, and balancing the defendant’s right to be represented by private counsel of his choosing with the proper administration of justice, we find no abuse of discretion.
A trial court is vested with broad discretion when ruling on a motion for a continuance. Holman v. State, 347 So.2d 882, 836 (Fla. 3d DCA 1977). This discretion extends to motions requesting a con *1189 tinuance for the purpose of allowing substitution of new counsel. See Alvarez v. State, 75 So.3d 420, 422 (Fla. 4th DCA 2011). Likely recognizing heightened incentives for criminal defendants to seek delay, Florida Rule of Criminal Procedure 3.190(f) requires a party seeking a continuance in a criminal case to show good cause for the motion and explicitly commits the decision to the trial court’s discretion. These requirements do not apply in civil cases. See Fla. R. Civ. P. 1.460. Thus, although criminal defendants have the right to a reasonable opportunity to select and to be represented by their chosen counsel, that right is not absolute, McKay v. State, 504 So.2d 1280, 1282 (Fla. 1st DCA 1986), and the trial court’s denial of a defendant’s motion for a continuance to allow for substitution of counsel of his choice is reviewed under an abuse of discretion standard. Lelieve v. State, 7 So.3d 624, 629 (Fla. 3d DCA 2009).
When the defendant requests a continuance on the eve of trial or in the middle of trial, as in this case, to allow time to retain counsel and for counsel to prepare, the trial court must balance the countervailing interests of the effective administration of the courts with the defendant’s right to private counsel of his choice. Id. Some of the factors that should be considered in striking this balance are: how long the case has been pending; the likelihood of prejudice from denial; the adequacy of the defendant’s current counsel; and the complexity of the case and time it would take for the defendant’s chosen counsel to prepare the case for trial. See McKay, 504 So.2d at 1282. However, as the United States Supreme Court noted in Wheat v. United States, the evaluation of the facts and circumstances of each case must be left primarily to the informed judgment of the trial court. 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).
In McKay, the First District found that the trial court did not abuse its discretion by denying McKay’s motion for a continuance where he was represented by the public defender and an attorney he had retained appeared in court on the day of trial and requested a continuance to prepare. Likewise, in Mena v. State, 451 So.2d 1012, 1013 (Fla. 3d DCA 1984), this Court found no error in the trial court’s denial of the defendant’s motion for a continuance and to allow defense counsel to withdraw as counsel for the defendant, which was made on the day of trial. See also Hurtado v. State, 760 So.2d 279, 280 (Fla. 4th DCA 2000) (affirming the trial court’s denial of the defendant’s motion to discharge counsel made on the eve of trial and where the trial court found the motion was motivated by a desire to delay the proceedings).
In the instant case, when deciding whether to grant the defendant’s motion for a continuance in order to obtain privately retained counsel, the trial court considered and weighed the facts that the defendant had filed a demand for a speedy trial, which signifies that a defendant is ready for trial and is demanding an expedited trial date; the jury had already been selected and sworn and, therefore, trial had officially begun; the defendant had announced he was ready for trial and had not indicated any displeasure with his court-appointed counsel the previous day when the jury was being selected; the defendant raised no concerns three days before the trial began when he was collo-quied by the trial court; the defendant’s purported reasons for being dissatisfied with Mr. McNeil were largely erroneous; Mr. McNeil had expended considerable time and effort investigating and preparing the case; and the defendant’s proposed *1190 private counsel had not yet met with the defendant or been retained and was not present in court although the trial had already commenced. Based on the totality of these circumstances, we cannot say that the trial court abused its discretion by denying the defendant’s request for a continuance.
Although there is no evidence that the defendant’s request for a continuance was made in bad faith, the request for substitution was not made until after the trial, which was expedited by the defendant’s speedy trial demand, had already begun. That fact distinguishes this case from others that have found the denial of a motion to substitute counsel was an abuse of discretion. See, e.g., Alvarez, 75 So.3d 420, 421-22 (private counsel substituted prior to trial); Jackson v. State, 979 So.2d 442, 443 (Fla. 4th DCA 2008) (request for new counsel made prior to jury voir dire); Foster v. State, 704 So.2d 169,170-71 (Fla. 4th DCA 1997) (request for private counsel made before jury selection and where private counsel had already been retained and was willing to step in quickly). Once trial has begun and jeopardy has attached, a trial court will rarely abuse its discretion by denying a motion for a continuance to substitute counsel when that request had not been previously raised. This is particularly so when the defendant has taken affirmative steps to expedite the trial date and the privately retained counsel is not present before the court. We therefore find no error on this point.
Lastly, the defendant contends he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are rarely appropriately addressed via direct appeal, and are only cognizable when “the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.” Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002). Because the record does not establish ineffective assistance of counsel on its face, and, in fact, the defendant’s complaints thus far appear to be unjustified, we reject the argument that he is entitled to a new trial on this claim as well.
Affirmed.

. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). "Franks permits defendants to attack a warrant where police intentionally lie or misstate information material to the probable cause determination in the affidavit supporting the warrant in order to deceive the judge into issuing the warrant.” State v. Petroni, 123 So.3d 62, 64 (Fla. 1st DCA 2013) (citing Franks, 438 U.S. at 171-72, 98 S.Ct. 2674).