IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LLOYD PHELPS,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3887

Opinion filed January 27, 2015.

An appeal from the Circuit Court for Taylor County.
Gregory S. Parker, Judge.

Terry P. Roberts of Law Office of Terry P. Roberts, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

Appellant, Lloyd Phelps, challenges his convictions and sentences for first-degree murder and evidence tampering and raises three issues on appeal. We find
no merit in Appellant's arguments that the trial court erred in refusing to give his
requested jury instruction and in denying his motion for judgment of acquittal on

the tampering charge. In his remaining argument, Appellant contends that the trial court erred in calling Johnny Flowers as a "court witness" pursuant to section 90.615(1), Florida Statutes,[1] in light of the 1990 amendment to section 90.608, Florida Statutes, which allows for any party, including the party calling a witness, to attack the witness's credibility. In essence, Appellant argues that the court witness rule is no longer necessary or appropriate based upon section 90.608. However, our review of the record shows that the primary basis upon which Appellant objected to Mr. Flowers being called as a court witness was that the State improperly relied upon contradictory evidence provided by its other witnesses in representing that it could not vouch for Mr. Flowers' credibility. Because the specific argument raised on appeal was not argued below, it was not preserved for appeal. See State v. Petroni, 123 So. 3d 62, 66 (Fla. 1st DCA 2013) ("To preserve an argument for appeal, an appellant must timely and contemporaneously object at the trial level, on a stated legal basis, and then raise that specific contention again on appeal.").

Accordingly, we AFFIRM.

LEWIS, C.J., WOLF and ROBERTS, JJ., CONCUR.

---

[1] Section 90.615(1) provides that a court "may call witnesses whom all parties may cross-examine." The court witness rule was designed for those instances "where a party cannot vouch for the witness's credibility, yet the witness's evidence is so important that the interest of justice demands an evidentiary vehicle to have the person testify." Shere v. State, 579 So. 2d 86, 92 (Fla. 1991).