NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LAPAR DONTA CONLEY,
DOC #166923,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2D16-5417

Opinion filed September 15, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Hunter W. Carroll,
Judge.

Lapar Donta Conley, pro se.

WALLACE, Judge.

        Lapar Donta Conley appeals the order summarily denying his pro se

motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, in

which he raised five grounds of ineffective assistance of trial counsel. We affirm without

comment the postconviction court's denial of grounds one, three, four, and five. Ground

two of Mr. Conley's motion was facially insufficient but could be corrected to state a

facially sufficient claim. For this reason, we reverse the postconviction court's summary

denial of ground two and remand for the postconviction court to strike Mr. Conley's motion with regard to ground two and to grant him sixty days to file an amended motion with regard to that ground.

A jury convicted Mr. Conley of two first-degree felonies: count one, trafficking in oxycodone (between 28 grams and 30 kilograms); and count two, conspiracy to traffic in oxycodone (between 28 grams and 30 kilograms). The trial court sentenced Mr. Conley on each count to concurrent terms of twenty-six years in prison with a twenty-five-year mandatory minimum, followed by one year of probation.

Mr. Conley timely filed his postconviction motion under rule 3.850. In ground two of his motion, Mr. Conley alleged that his trial counsel provided ineffective assistance by failing to move for a hearing in accordance with Franks v. Delaware, 438 U.S. 154 (1978), to challenge the validity of the affidavit used to obtain the arrest warrant. Mr. Conley argued that trial counsel should have moved for a Franks hearing because the affidavit executed by the investigating officer included: (1) the officer's allegedly false statement that the confidential informant had no known criminal history; and (2) the officer's allegedly false statement that there were 720 oxycodone pills, even though—as the evidence at trial proved—there were only 360 pills.

In summarily denying ground two of Mr. Conley's motion, the postconviction court acknowledged that Mr. Conley's pleading was deficient for failing to allege that the investigating officer intentionally included the allegedly false statements in the affidavit used to obtain the arrest warrant. Nevertheless, the postconviction court denied ground two on its merits as conclusively refuted by the record. Specifically, the postconviction court found that a challenge to the arrest warrant would not have changed the outcome of the trial because a forensic chemist's testimony established

that 360 oxycodone pills would have been sufficient to provide probable cause for Mr. Conley's arrest. The postconviction court attached to its order a portion of the trial transcript where the forensic chemist testified that the weight of 360 of the oxycodone pills was 44.952 grams. The postconviction court did not attach to its order the affidavit for the arrest warrant that is the subject of this claim, nor did the postconviction court address Mr. Conley's claim regarding the officer's allegedly false statements about the confidential informant's known criminal history.

We review the summary denial of a rule 3.850 motion by de novo review, and we "accept the [defendant's] factual allegations as true to the extent that they are not refuted by the record." Jennings v. State, 123 So. 3d 1101, 1121 (Fla. 2013) (citing Occhicone v. State, 768 So. 2d 1037, 1041 (Fla. 2000)). To sufficiently plead an ineffectiveness claim premised on counsel's failure to move for a Franks hearing, the defendant must allege sufficient facts indicating that: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant, i.e., that there is a reasonable probability that counsel's deficient performance affected the outcome of the proceeding or undermined the result.[1] See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To establish that counsel's performance was deficient, the defendant must sufficiently allege both prongs of the Franks test: (1) that the officer misstated the information knowingly and intentionally, or with a reckless disregard for the truth, rather

---

[1] We note that a postconviction court could find a defendant's claim of prejudice for failing to obtain a Franks hearing meritless if there was sufficient evidence for a conviction that was independent of the arrest. See Darby v. State, 502 So. 2d 1358, 1359 (Fla. 5th DCA 1987) ("The invalidity of a given arrest, even if establishable, may not suffice to defeat a prosecution where there is sufficient evidence of the offense independent of the arrest.").

than through mere negligence or an innocent mistake; and (2) that "the remaining allegations are insufficient to support a probable cause finding." State v. Petroni, 123 So. 3d 62, 64 (Fla. 1st DCA 2013) (citing Franks, 438 U.S. at 168, 171-72); see also Marquardt v. State, 156 So. 3d 464, 480 (Fla. 2015) (citing Franks, 438 U.S. at 155-56); Wade v. State, 156 So. 3d 1004, 1015 (Fla. 2014) ("[T]he postconviction court correctly concluded that because trial counsel could not have successfully challenged the search warrant, trial counsel did not perform deficiently by not filing a motion to suppress or objecting to the admission of the evidence."). As the First District explained in Petroni, the facts alleged to support the first prong of the Franks test must indicate that "police conduct [rose] to the level of hoodwinking or bilking, duping the issuing judge or magistrate into signing the warrant." Petroni, 123 So. 3d at 65. In other words, the defendant must allege that the false information or omission "amounted to deceptive behavior on the part of the police intended to sway the judge." Id.

Here, Mr. Conley's claim was insufficiently pleaded. As the postconviction court correctly observed, Mr. Conley failed to allege sufficient facts to meet the first prong for a Franks hearing—the officer's intent. Mr. Conley was required to allege that the officer "cherry-picked specific information, while leaving out other pertinent, material information, all the while intending that the issuing judge would thus be duped into signing the warrant [he or] she otherwise would not have signed." See Petroni, 123 So. 3d at 66. Instead, Mr. Conley's claim in ground two of his motion amounted to nothing more than a conclusory allegation that the officer included false information in the affidavit used to obtain the arrest warrant. See United States v. Rodriguez, 414 F.3d 837, 842 (8th Cir. 2005) ("Conclusory allegations of falsehood are insufficient to make a substantial preliminary showing that a false statement was intentionally or recklessly

- 4 -

included in the affidavit." Mr. Conley failed to allege that the officer included the false information, intending to deceive the issuing judge to sign the warrant he or she otherwise would not have signed.

Accordingly, the postconviction court erred by summarily denying the motion rather than dismissing it and granting Mr. Conley sixty days to file a facially sufficient amended motion. See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); Spera v. State, 971 So. 2d 754, 755 (Fla. 2007) ("[A] court abuses its discretion in failing to allow the defendant at least one opportunity to correct [a pleading] deficiency unless it cannot be corrected."). Therefore, we reverse the postconviction court's order in part and remand with directions to strike Mr. Conley's motion in part and to grant him sixty days to file an amended motion with regard to ground two. If Mr. Conley timely files an amended claim that is facially sufficient and the postconviction court again denies the claim as conclusively refuted by the record, the postconviction court must address claim two of Mr. Conley's motion and attach sufficient record excerpts to its order to refute the claim—including the affidavit executed by the investigating officer to obtain the arrest warrant. In all other respects, we affirm the order under review.

Affirmed in part, reversed in part, and remanded with directions.

BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.

- 5 -