LAMBERT, J.
Ken Wilcox appeals his convictions for robbery and battery on a person over sixty-five years old, raising three grounds for reversal. We find no merit to Wilcox's first two arguments that the trial court erred in denying his motion for judgment of acquittal and in declining to use his proposed special jury instruction regarding circumstantial evidence. We do, however, agree with Wilcox that the trial court reversibly erred in failing to allow his private counsel to represent him at trial.
The trial in this case began on February 19, 2018, with Wilcox being represented by court-appointed counsel. The jury was selected and sworn that afternoon, and the trial was recessed until the morning of February 22. On February 21, 2018, private counsel was retained by Wilcox's family and filed a notice of appearance and motion for continuance of the trial. Private counsel appeared with Wilcox at trial the next morning. The court held a hearing on his motion to continue and to allow substitution of private counsel, receiving testimony and engaging in a thorough discussion with Wilcox, his private counsel, his court-appointed counsel, and the prosecutor before denying the continuance and substitution of counsel.[1] Wilcox was represented for the remainder of the trial by his court-appointed counsel and, as indicated, was convicted.
The Sixth Amendment to the United States Constitution and *668 Article I, Section 16(a), of the Florida Constitution provide a defendant with the right to the assistance of counsel in a criminal prosecution.[2] Here, Wilcox was in fact provided with appointed counsel; however, a defendant in a criminal case always retains the right to discharge his or her court-appointed counsel, Foster v. State , 704 So.2d 169, 172 (Fla. 4th DCA 1997), and also has the right to be represented by private counsel. See Fratcher v. State , 842 So.2d 1044, 1046 (Fla. 4th DCA 2003) (citing Foster , 704 So.2d at 174 ). This right to be represented by private counsel, however, is not absolute or unlimited; and it can be denied by the trial court if it is being exercised by a defendant for the purpose of delay or to otherwise subvert judicial proceedings. Id. (citing Foster , 704 So.2d at 173 ); accord Cartwright v. State , 565 So.2d 784, 785 (Fla. 5th DCA 1990) (recognizing that a "defendant's right to obtain private counsel is not a license to delay the proceedings and waste the trial court's time").
The trial court correctly recognized that since the jury had already been sworn, it needed to consider and balance the countervailing interests of the effective administration of the court with Wilcox's right to be represented by private counsel of his choice. See Francois v. State , 137 So.3d 1186, 1189 (Fla. 3d DCA 2014). The court expressed concern that, due to the advanced ages of the victims,[3] granting a continuance so that private counsel could more fully prepare could be very prejudicial to the State. However, private counsel represented to the court that morning at the hearing that although a continuance of the trial had been requested, it was anticipated the continuance would be denied and that counsel had separately prepared to proceed with the trial as scheduled. Wilcox also advised the court that while he was amenable to the requested continuance, he was willing to proceed to trial that day with private counsel if the continuance was not granted.[4]
Notably, the trial court expressly declined to make a finding of bad faith on the part of either Wilcox or his private counsel in seeking the substitution of counsel. "In the absence of a showing of bad faith on the part of the defendant in seeking to discharge his court-appointed counsel, it was improper to deny the defendant his Sixth Amendment right to retain the private counsel of his choice." Brantley v. State , 773 So.2d 1199, 1200 (Fla. 3d DCA 2000) (citing Foster , 704 So.2d at 174 ); cf. Hurtado v. State , 760 So.2d 279, 280 (Fla. 4th DCA 2000) (affirming the trial court's denial of the defendant's request on the eve of trial to substitute private counsel when trial court found that the request was made in bad faith and for the sake of arbitrary delay). Without a finding of bad faith and with Wilcox and his private counsel willing to proceed with the scheduled trial that day so as not to cause any delay to the State or the victims, the failure to permit Wilcox to be represented at trial by private counsel of his own choosing is a structural error, to which a harmless error analysis by our court would not apply. See United States v. Gonzalez-Lopez , 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (holding that a violation of the Sixth Amendment Counsel Clause is a structural *669 error in the trial); Foster , 704 So.2d at 174 (explaining that an error in denying the defendant the right to be represented by private counsel of his choice is prejudicial per se since the defendant's desired attorney is precluded from taking any action in the case). Under these circumstances, reversal is required because the "[d]eprivation of the [Sixth Amendment] right [to counsel] is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." See Madison v. State , 132 So.3d 237, 246 (Fla. 1st DCA 2013) (quoting Gonzalez-Lopez , 548 U.S. at 148, 126 S.Ct. 2557 ).
Accordingly, we reverse Wilcox's convictions and sentences and remand this case for a new trial.
REVERSED and REMANDED for a new trial.
COHEN and HARRIS, JJ., concur.

Wilcox has not challenged the denial of his motion for continuance in this appeal.

See Traylor v. State , 596 So.2d 957, 968 n.23 (Fla. 1992) (interpreting Article I, Section 16, of the Florida Constitution to provide a defendant in a criminal prosecution with the corresponding rights to conduct one's own defense and the right to the assistance of counsel).

The victims were each over eighty years old.

We also note that the case went to trial less than ten months from the date that the State alleged in the information that the crimes were committed.