# Third District Court of Appeal
## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1322
Lower Tribunal No. F20-8251B
_____


**Jason Elysse,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.


Before EMAS, SCALES and GOODEN, JJ.

PER CURIAM.

Jason Elysse appeals his convictions and sentences for attempted cocaine trafficking, conspiracy to traffic cocaine, and conspiracy to launder money. Elysse argues that the trial court abused its discretion[1] by: (i) denying, without first conducting an in camera hearing, Elysse's sworn motion to compel the disclosure of the confidential informant who acted as the intermediary for the underlying reverse sting operation conducted by the Hialeah Police Department; (ii) denying Elysse's eleventh-hour, de facto motion for a trial continuance to substitute a private attorney as his counsel; and (iii) overruling Elysse's authentication objection and admitting into evidence a cellphone video depicting bundles of cash and Elysse's voice stating his readiness to do a drug buy. Finding no abuse of discretion, we affirm Elysse's convictions and sentences. See State v. Zamora, 534 So. 2d 864, 868 (Fla. 3d DCA 1988) ("To invoke an in camera hearing, a defendant must file a sworn motion or affidavit alleging facts concerning the informant's

---

[1] Thomas v. State, 28 So. 3d 240, 243 (Fla. 4th DCA 2010) ("A trial court's orders regarding discovery of confidential informants are generally reviewed for an abuse of discretion."); Francois v. State, 137 So. 3d 1186, 1188-89 (Fla. 3d DCA 2014) ("A trial court is vested with broad discretion when ruling on a motion for a continuance. This discretion extends to motions requesting a continuance for the purpose of allowing substitution of new counsel.") citation omitted); Lamb v. State, 246 So. 3d 400, 408 (Fla. 4th DCA 2018) ("A trial court's conclusion regarding authentication is reviewed for an abuse of discretion.").

involvement which, if true, would support the possibility of a specific asserted defense." (quoting State v. Acosta, 439 So. 2d 1024, 1027 n.2 (Fla. 3d DCA 1983))); Francois, 137 So. 3d at 1189 ("When the defendant requests a continuance on the eve of trial or in the middle of trial, as in this case, to allow time to retain counsel and for counsel to prepare, the trial court must balance the countervailing interests of the effective administration of the courts with the defendant's right to private counsel of his choice. . . . [T]he evaluation of the facts and circumstances of each case must be left primarily to the informed judgment of the trial court.") (citations omitted); City of Miami v. Kho, 290 So. 3d 942, 944-45 (Fla. 3d DCA 2019) ("A trial judge may admit a photograph under the silent witness method [of authentication] after considering the following factors: '(1) evidence establishing the time and date of the photographic evidence; (2) any evidence of editing or tampering; (3) the operating condition and capability of the equipment producing the photographic evidence as it relates to the accuracy and reliability of the photographic product; (4) the procedure employed as it relates to the preparation, testing, operation, and security of the equipment used to produce the photographic product, including the security of the product itself; and (5) testimony identifying the relevant participants depicted in the

photographic evidence.'" (quoting <u>Wagner v. State</u>, 707 So. 2d 827, 831 (Fla. 1st DCA 1998))).

Affirmed.